MINERVA JOHNSON AND HARRISON JOHNSON, PLAINTIFFS IN ERROR, v. MARY C. BEMIS, DEFENDANT IN ERROR.

1. **Execution Sale.** Where there is no prohibition in the statute, a sheriff, who has levied an execution upon real or personal property of the debtor before the return day of the writ, may sell such property after the return day thereof. And this rule applies to an order of sale.

2. ———: PRACTICE: MOTION TO SET ASIDE SALE. A motion to set aside a sale, or order confirming a sale of real estate, should point out specifically the errors complained of. General objections are too indefinite to be considered.

3. ———: ———: ———. An affidavit in support of a motion to set aside an order confirming a sale, which alleges that the attorney for the plaintiff before the sale promised to purchase the premises " at the full amount called for in the decree, unless the same were purchased by some one else at a higher bid," there being no allegation that any one-desiring to purchase the premises was thereby deceived, or prevented from bidding, or that the premises could be sold for a higher price than that already bid, is not sufficient to authorize the court in setting aside the sale.

ERROR to the district court for Douglas county.

*Tate & Shropshire* and *John D. Howe*, for plaintiffs in error.

*W. J. Connell*, for defendant in error.

MAXWELL, J.

A sale under an order of the court was made of certain real estate belonging to the plaintiffs in error, and the sale confirmed. Afterwards a motion was filed to set aside the order of confirmation upon grounds: *First*. That the sale was unauthorized and void, having been made after the return day of the order of sale. *Second*. For errors in the appraisement. *Third*. Because the property was not advertised according to law. *Fourth*. For other reasons appearing on the face of the return.

Before any action was had, on this motion, the plaintiffs in error filed a second motion to set aside the order of confirmation assigning as grounds therefor that W. J. Connell, attorney for the defendant in error, prior to the sale, had promised the plaintiffs in error that he would

17

bid the full amount of the decree at the sale of the premises under the order, unless the same was purchased by some one else at a higher price, that said Connell in purchasing said premises did not bid the amount due on the decree. The second motion was supported by an affidavit of Harrison Johnson, one of the plaintiffs in error, and agent of Minerva Johnson. The motions were overruled by the court, and the cause brought into this court by petition in error.

The objection that the sale was made after the return day of the order is untenable. Where there is no prohibition in the statute, a sheriff who has levied an execution upon real or personal property of the debtor before the return day of the writ, may sell such property after the return day thereof. *Phillips v. Dana*, 3 Scammon, 551. *Cox v. Joiner*, 4 Bibb, 94. *Lester's Case*, 4 Humph., 383. *Logsdon v. Spivey*, 54 Ill., 104. *Savings Inst. v. Chirm*, 7 Bush., 539. *Heywood v. Hildreth*, 9 Mass., 393. *Smith v. Spencer*, 3 Ired., 256. *Kane v. McCown*, 55 Mo., 181. *Remington v. Linthicum*, 14 Pet., 84. *Wheaton v. Sexton*, 4 Wheat, 503. *Barnard v. Stevens*, 2 Aiken, 429. *Doe v. Stone*, 1 Hawks, 329. *Stewart v. Severance*, 43 Mo., 322. *Taylor v. Gaskins*, 1 Dev., 295. *Wright v. Howell*, 35 Iowa, 288. *Guitler v. Martin*, 3 Md., 146. *Pettingill v. Moss*, 3 Minn., 223. *Wood v. Colvin*, 5 Hill, 230. *Moreland v. Bowling*, 3 Gill, 500. *Devoo v. Elliot*, 2 Cai., 243. *Bank of Mo. v. Bray*, 37 Mo., 194. Freeman on Executions, Sec. 106. And the rule applies to an order of sale of real estate.

The remaining objections set forth in the first motion are too indefinite to authorize the interference of the court. A motion to set aside a sale, or order confirming a sale, should point out specifically the errors complained of. As to the grounds assigned in the second motion, even if the statement is true, that the attorney for the defendant in error before the sale promised to purchase

the premises " at the full amount called for in the decree, unless the same were purchased by some one else at a higher bid," it is not sufficient to authorize the court to set aside the sale, there being no fraud or imposition shown. The promise, if made, may have imposed a moral obligation upon the attorney to keep his word, but so far as appears from the record imposed no legal obligation. A fair sale appears to have been had, at which all who desired to bid had an opportunity. There is no complaint that the plaintiff or her attorney prevented any one, desiring to purchase, from bidding, and there is no claim that the premises sold for less than two-thirds of the appraised value. The judgment of the district court must be affirmed.

JUDGMENT AFFIRMED.