H. H. VINDQUEST, PLAINTIFF IN ERROR, V. CHARLES PERKY, DEFENDANT IN ERROR.

1. **Bill of Exceptions.** Affidavits alleged to have been made at the hearing of a motion to set aside a default and judgment in the district court, but which have not been embodied in or saved by a bill of exceptions, will not be considered in this court.

2. **Pleading:** PETITION. The petition in part copied in the opinion, *Held,* To state a cause of action not within the statute of frauds.

3. **Error:** PRACTICE. Probable errors, but which are altogether favorable to the plaintiff in error, will not be considered.

ERROR to the district court of Saunders county. Tried below before GEORGE W. POST, J.

*J. C. Cowin (Mason & Whedon* with him), for plaintiff in error.

1. The petition does not show that the court had jurisdiction of the subject matter.

2. There is no memoranda in writing stated in the petition showing a complete and completed contract. The memoranda must contain in writing the substantial terms of the contract expressed in such certainty that they may be understood without resorting to parol evidence; and this must be shown by the petition. Waterman on Specific Performance of Contracts, § 234. This petition does not show any writing from Perky to Vindquest, as he does not set forth a word of what he wrote, and the court can not say what that letter contained. The petition does not show that Vindquest wrote the letter charged to him, does not allege he signed it, does not allege that he ever sent it, and does not allege that Perky ever received it. Waterman, § 240. *Gartrell v. Stafford,* 12 Nebraska, 445. The memoranda must clearly indicate the property, and nothing must remain to be done in which

the concurrence of the parties is necessary to ascertain the location or quantity of land. Waterman, § 236. *Force v. Dutcher*, 18 N. J. Equity, 401. *Whelan v. Sullivan*, 102 Massachusetts, 204. *Ferguson v. Staver*, 33 Pa. St., 411. *Hurly v. Brown*, 28 Massachusetts, 545. See also *Morgan v. Bergen*, 3 Neb., 209.

*W. H. Munger*, for defendant in error.

All the elements necessary to make a valid contract are stated in the petition. Waterman, §§ 331 and 332. It is sufficient to aver that there was a written agreement stating the substance without setting forth a copy, and without alleging that it was signed; the signing will be implied. Waterman, § 292. Brown on Statute of Frauds (3d ed.), § 505.

The petition states the substance of a valid contract, viz.: That Vindquest held contracts to certain land, describing it; that Perky wrote him (Vindquest) asking what he would sell his interest in said land for. Vindquest answered, stating he would take $2,350. Perky answered, accepting the offer—placing his letter, properly addressed, in the post-office. This completed the contract. Benjamin on Sales, (4th Ed.), § 44. No time having been fixed when payment was to be made or conveyance delivered; no provision that either should be done first, the covenants were mutual and dependent; one is not bound to pay without receiving his conveyance. Waterman, § 444. Time not having been made the essence of the contract, Perky was entitled to his deed upon making the tender as stated in the petition.

COBB, CH. J.

This action was brought in the court below to enforce the specific performance of a contract for the conveyance of real estate. The defendant demurred generally to the

plaintiff's petition. The demurrer it seems was filed on the 30th day of May, 1882. The journal entry shows that the cause was brought on to a hearing on the 27th day of October of the same year; that the demurrer was overruled, and the defendant called and defaulted for want of further answer; whereupon the court proceeded to hear proofs in said cause on the part of said plaintiff, *ex parte,* and rendered judgment for the plaintiff.

It appears also, that afterwards, on the 16th day of April, 1883, the defendant filed his motion to set aside and vacate the said judgment and grant a new trial in said cause, and let the said defendant in to defend the same, for irregularity and improper conduct in the plaintiff in obtaining said judgment. The said motion, after argument, was overruled, and the defendant brings the cause to this court on error.

There are attached to the record copies of affidavits in support and in resistance of said motion. But there is no bill of exceptions; hence the affidavits not having been made a part of the record cannot be considered here.

The remaining point, and that upon which plaintiff in error relies, is, that the petition fails to state facts sufficient to constitute a cause of action.

Upon the first point plaintiff in error in the brief of counsel takes the ground that, " upon the overruling of the demurrer the defendant should have been allowed time to file an answer, and to immediately enter a default upon the overruling of the demurrer was an abuse of discretion," etc. There is no dispute then as to its being a matter somewhat in the discretion of court whether, upon the overruling of a demurrer, time will be given in which to file an answer. And I think such to be the law. That this is a discretion which may be abused and for which abuse, in a proper case, a judgment would be reversed, I have no doubt. But in a matter of discretion it must be presumed that it was properly exercised until the contrary is shown. Is it

shown in the case at bar? The defendant having been properly brought into court by summons, and having appeared and filed a demurrer, must be presumed to have been in court when the demurrer was overruled. It must be admitted that if upon the overruling of the demurrer the defendant had applied for leave to file an answer to the merits, he must have been allowed to do so; but he did not make such application until six months thereafter and after a final judgment had been entered in the cause. In his motion, filed on the 16th day of April, 1883, he states that he has a defense to said action on the merits, but he does not show upon what facts such defense is predicated, nor present any answer for the consideration of the court. It may be that this motion was made at the first opportunity available to the defendant, but no showing or even allegation is made to that effect. This court cannot lay it down as a rule for the government of district courts, that in cases of the overruling of the demurrer they must wait six months before entering judgment by default, or that having entered such judgment they should set it aside and let in a defense without being informed of the character or nature of such defense, and without regard to the degree of diligence with which application therefor is made. But it may be sufficient to say that upon the record as presented, this court cannot say that there was abuse of discretion on the part of the district court in this case.

Under the second head plaintiff in error in the brief of counsel makes four points. "1. That the petition does not show that the court had jurisdiction of the subject matter."

We are left to conjecture as to the application of this point to the facts set out in the petition, but suppose that reference is made to the fact that the letter of plaintiff in error, which is relied upon to take the case out of the statute of frauds, does not contain a full description of the land, nor state that it is situated in the county of Saunders. The petition at the commencement describes the land in full and

alleges it to be situated in Saunders county.    It is also alleged that this is the land which plaintiff below proposed to buy of the plaintiff in error and which the latter in fact sold to him.

2.    That "there is no memoranda in writing stated in the petition showing a complete and completed contract."

As applicable to this point, I quote a part of the petition.    Having first alleged the ownership or interest of defendant below in the land, and describing it, the petition proceeds:    "That early in the month of February, 1882, plaintiff being desirous to purchase defendant's said interest in said lands wrote to the defendant, who then and now resides in the city of Kansas City, Missouri, asking at what price he would sell his said interest in said lands to plaintiff. . That in response thereto defendant wrote to plaintiff in relation to said lands in words and figures following, to-wit:    'Kansas City, Feb. 16, 1882.    Chas. Perky, Wahoo:    Dear Sir—Your letter at hand, and having returned only yesterday did not have time to answer before. I am willing to sell the lands for what money I have paid out on the same, or I will take twenty-three hundred and fifty dollars and give a quit-claim deed for all my title and interest in said lands, all of section 36 in township fifteen. If this terms will suit you, you please make out such papers as will be required and send them to me for signature. Please answer this as soon as possible.    Respectfully yours, H. N. Vindquest.'"

The petition proceeds to allege that the plaintiff, immediately upon the receipt of said letter, to-wit, on the twenty-first day of February, 1882, replied to the same, accepting the terms proposed therein by the said defendant and enclosing a quit-claim deed for execution as requested, etc. I think the above letter, taken in connection with the alleged letters of the plaintiff below, both preceding and following it, a sufficient memorandum of the contract to take the case out of the operation of the statute of frauds.

These letters of defendant in error to plaintiff in error are not set out in *hœc verba* in the petition, but are pleaded by their legal effect.   Had there been an issue in the case these letters must have been produced or their contents proven, as can usually be done in case of lost instruments or instruments in the possession of the opposite party; but in no event could parol evidence be received as to the terms of the contract; but such terms must be gathered from the letters themselves, either by their production or proof of their contents.   There being no bill of exceptions it must be presumed that the necessary proof was produced at the hearing.

3.  "The petition does not show that Vindquest had any interest in the land which was the subject of transfer or conveyance."   I think the petition alleges title in the plaintiff in error sufficiently for the purposes of this case.

In the case of *Garirell v. Stafford*, 12 Neb., 545, this court says in the syllabus:   "Where the vendee is willing to accept the vendor's title, the vendor cannot set up as a defense to the action a defect in his title."

4.  "The decree of the court is not responsive to the alleged writings set forth in the petition, but is made upon an entirely different state of facts."   Upon an examination of the decree I find, among other findings and decretal orders, the following, which is doubtless the matter intended to be called in question under this head.   "And the court doth further find that defendant is entitled to be re-imbursed by the plaintiff for all money paid by him on the contract of purchase of the premises described in plaintiff's petition since the commencement of this action, and the court doth further find that the defendant has so as aforesaid, paid the sum of two thousand three hundred and forty-eight and 3-100 dollars thereon.   It is therefore considered and adjudged and decreed by the court that upon the payment by the plaintiff to the defendant, or into court for the defendant, the sum of four thousand seven hundred

and thirty-seven and 3-100 dollars the defendant shall convey," etc.    There can be no doubt that if there is error in the above it is error in favor of the plaintiff in error, for which the latter cannot be heard to complain.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

MAXWELL, J., concurs.

REESE, J., having been of counsel in the court below, did not sit.