ALFRED ECKLUND, APPELLEE, v. ELIJAH J. WILLIS, APPELLANT, ET AL.

FILED MARCH 5, 1895.    No. 6397.

1. **Confirmation of Sale.** Objections to the confirmation of a sale of real estate must be specifically assigned in the motion filed in the lower court to vacate the sale, or they will be unavailing.

2. ———: APPRAISEMENT: ATTACK. The appraisal value of property made under an order of sale can be assailed only for fraud.

3. ———: ———. Objection that the property was appraised too

13

| 44 | 129 |
| 45 | 74 |

| 44 | 129 |
| 49 | 578 |
| 50 | 342 |
| 51 | 228 |
| 51 | 648 |
| 58 | 620 |
| 54 | 66 |
| 54 | 232 |
| 54 | 672 |

| 44 | 129 |
| 57 | 278 |
| 57 | 411 |

| 44 | 129 |
| 58 | 21 |
| 58 | 607 |

| 44 | 129 |
| 59 | 700 |
| 59 | 734 |

| 44 | 129 |
| 61 | 318 |

| 44 | 129 |
| 62 | 373 |
| 62 | 840 |

high should be made and filed in the case with a motion to va-
cate the appraisement prior to the sale. (*Vought v. Foxworthy*,
38 Neb., 790 ; *Smith v. Foxworthy*, 39 Neb., 214.)

APPEAL from the district court of Lancaster county.
Heard below before TIBBETS, J.

*B. F. Johnson* and *T. F. Barnes,* for appellant.

*Thomas C. Munger, contra.*

NORVAL, C. J.

This is an appeal from an order of the district court
overruling the objections of the defendant Elijah J. Willis,
to the confirmation of the sale of real estate made under a
decree of foreclosure, and in confirming said sale. The fol-
lowing are the grounds set up in defendant's motion to set
aside the sale :

1. The appraisement is irregular.

2. The appraisement is not in accordance with the law
governing sheriffs' sales.

3. The return of the sheriff shows that the appraisers
were not sworn as provided by law.

4. The property was not appraised at its fair value, but
at about one-half its true value, as shown by the affidavits
on file in above case in support of motion to vacate order
appointing a receiver.

5. The entire proceedings relative to said sale are irregu-
lar and not in accordance with the provisions of the law
governing sheriffs' sales.

The cause was submitted to this court without either
briefs or oral argument, hence we are not advised which of
the several grounds urged against the confirmation in the
court below the appellant now relies upon for a reversal of
the cause.

It is obvious that the first, second, and fifth objections
contained in said motion are too general and indefinite to

call for consideration.   In what respect the appraisement and the proceedings leading up to the sale are irregular and not in accordance with the statute relating to judicial sales is not pointed out.   Objections to the confirmation of a sale of real property must be specifically assigned in the lower court, or they will be unavailing. (*Johnson v. Bemis,* 7 Neb., 224.)

The third exception to the confirmation is not sustained by the record, since the return of the sheriff to the order of sale recites that the appraisers were sworn by him to impartially appraise the interest of the defendants in the mortgaged premises.

The remaining ground of the motion, namely, that the property was appraised too low, is not well taken for three reasons : First—Affidavits were filed in the court below in support of, and in opposition to, the motion, but they have not been embodied in a bill of exceptions.   Therefore, we cannot review the evidence upon which the district court based its decision. (*Aultman v. Howe,* 10 Neb., 8; *Walker v. Lutz,* 14 Neb , 274; *Bradshaw v. State,* 17 Neb., 147; *Vindquest v. Perky,* 16 Neb., 284; *Maggard v. Van Duyn,* 36 Neb., 862.)   Second—The objection as to the value fixed by the appraisers was not made until after the sale, which was too late.   It should have been urged before the sale was made. (*Smith v. Foxworthy,* 39 Neb., 214; *Vought v. Foxworthy,* 38 Neb., 790.)   Third—The fourth assignment of the motion is insufficient, since it is not charged that the appraisers, or any one connected with the case, acted fraudulently in making the appraisal.   RAGAN, C., in the case last cited, in passing upon the same question here presented, says: "Appraisers of property about to be sold under execution act judicially, and the value fixed by them on property appraised can only be assailed for fraud.   Inadequacy of the appraised value alone is not sufficient cause for setting aside a sale in the absence of fraud.   To justify the vacation of a sale on the ground that the appraisement was

too low, the actual value of the property must so greatly exceed its appraised value as to raise a presumption of fraud. All the affidavits filed in this case on the question of the value of the property were immaterial. There was no averment in the motion to set the sale aside of any fraudulent conduct on the part of the appraisers in making this appraisement; nor averment of any fraud or unfair means resorted to by the appraisers at the sale, or other party to the suit, conducing to the making of this appraisement. No facts were stated in the affidavits showing any fraudulent conduct on the part of any one in the making of the appraisement, nor can any such inference be drawn from the facts stated. The appraisement is assailed for error of judgment upon the part of the appraisers, and this furnishes no ground for setting the sale aside."

No error was committed in overruling the motion to vacate the sale in the case at bar, and the order appealed from is, therefore,

AFFIRMED.