Creighton University v. Mulvihill.

CREIGHTON UNIVERSITY, APPELLEE, v. JOHN MULVIHILL ET AL., APPELLANTS.

| 49 | 577 |
| 55 | 323 |
| 49 | 577 |
| 57 | 278 |
| 49 | 577 |
| f59 | 734 |

FILED NOVEMBER 5, 1896.   No. 6895.

Review: CONFIRMATION OF SALE: OBJECTIONS. On an appeal from an order confirming a sale, this court will consider only the specific objections made in the district court to such confirmation.

APPEAL from the district court of Douglas county. Heard below before FERGUSON, J.

*Gregory, Day & Day,* for appellants.

*Frank T. Ransom, contra.*

41

RAGAN, C.

This is an appeal from an order of the district court of Douglas county confirming a sale made pursuant to a decree of foreclosure of a mortgage upon real estate. Three arguments are made in the briefs filed here by the appellants for a reversal of this decree. The first and second arguments assail the valuation put upon the real estate by the appraisers. It does not appear from the record, however, that any objection was made by the appellants to the appraised value of the property prior to its sale. After the sale of the property it was too late for the first time to assail the appraisement, except for fraud. Objection that the property was appraised too high or too low should have been made and filed in the case with a motion to vacate the appraisement prior to the sale. (*Ecklund v. Willis*, 44 Neb., 129, and cases there cited.)

The third argument is that the sheriff neglected to file with the clerk of the district court a copy of the appraisement as soon as made, and in fact did not file such appraisement until the day before the sale. If this was true it was an irregularity for which the district court should have set aside the sale on his attention being called thereto, as a copy of the appraisement together with the written application for liens and the certificates of liens mentioned in section 491*d* of the Code must be deposited in the office of the clerk from which the execution issued before the sale is advertised. (See *Burkett v. Clark*, 46 Neb., 466.) But the objection to the sale argued here was not presented to the district court on the hearing of the motion to confirm the sale appealed from. The objection there was that the sheriff made the sale without filing any copy of the appraisement with the clerk of the district court. It was the duty of the appellants to specifically allege in the district court every reason which they wished to urge as an objection against the confirmation of the sale; and only the objections made there can

be urged here on appeal.  We will not consider the objection urged here, because it was not made to the district court and it given an opportunity to pass upon it. (*Ecklund v. Willis, supra; Johnson v. Bemis*, 7 Neb., 224.) The decree appealed from is

AFFIRMED.