CREIGHTON UNIVERSITY, APPELLEE, V. JAMES E. RILEY ET AL., APPELLANTS.

FILED JANUARY 19, 1897.   No. 6950.

1. **Review: JUDICIAL SALES: OBJECTIONS.** Grounds for setting aside a judicial sale are unavailing on review unless they were presented in the court below.

2. ——: ——: **CONFLICTING EVIDENCE.** The rule that this court will not disturb the finding of a trial court made upon conflicting testimony applies to orders confirming judicial sales.

APPEAL from the district court of Douglas county. Heard below before WALTON, J. *Affirmed.*

*E. C. Page,* for appellants.

*Frank T. Ransom, contra.*

POST, C. J.

This is an appeal from an order confirming a sale of real estate. The grounds relied upon for a reversal are: (1.) The officer conducting the sale made no announcement of the property about to be sold. (2.) The sale was not opened at the advertised time.

The first objection not having been raised in the court below in the motion to set aside the sale, is not available

on review in this court. (*Ecklund v. Willis*, 44 Neb., 129; *Hooper v. Castetter*, 45 Neb., 67.) Moreover, there is ample testimony in the record tending to prove that the officer did announce the property to be sold prior to the sale. The sale was advertised to take place on October 31, 1893, at 10 o'clock A. M. Whether the sale was actually opened at the precise hour named, the testimony is conflicting. The sheriff's return to the order of sale discloses that the property was offered at the time stated, and the testimony in support of the return is sufficient to show that the sale was opened at 10 o'clock in the morning of said day, and remained open for one hour thereafter. The testimony adduced by the defendant is to the effect that the property was not offered for sale before 11:10 A. M. Even if this were true it was not shown that there was any person present at the place of sale between 10 o'clock and that hour who desired to make a bid upon the property, or that the defendants were in any manner prejudiced by the omission of the officer to proceed with the sale at the appointed hour, if he did so fail. There is sufficient evidence in the record to sustain the finding of the court below that the sale was held at the appointed time, and the order of confirmation is accordingly

AFFIRMED.