NEBRASKA LAND, STOCK-GROWING & INVESTMENT COMPANY ET AL. V. GEORGE H. CUTTING ET AL.

FILED MAY 18, 1897.   No. 7322.

1. Review: JUDICIAL SALES: OBJECTIONS NOT MADE BELOW. This court, in reviewing the judgment of a district court confirming a judicial sale, will not consider any objection to the confirmation of such sale which was not brought to the attention of the district court in the motion to set such sale aside.

2. Judicial Sales: DESCRIPTION OF REALTY. In the decree of foreclosure of a mortgage the real estate was described as the "S. E. ¼ of section 24 in township 12 N., and range 15 W. of the Sixth P. M., in Buffalo county." The description in the notice of sale was the same, except the description read, "in township 12," without showing whether the township was north or south. *Held*, That there was no variance in the description between the decree and the notice of sale.

3. ——: OBJECTIONS TO CONFIRMATION. The owner of the equity of redemption of real estate sold on mortgage foreclosure cannot be heard to object to the confirmation of the sale because prior liens existing against the real estate were not deducted from the appraisement made thereof.

4. ——: OBJECTIONS TO APPRAISEMENT. The objection that real estate was appraised too high or too low cannot be raised for the first time after the sale thereof.

ERROR from the district court of Buffalo county. Tried below before HOLCOMB, J.   *Affirmed.*

*Francis G. Hamer*, for plaintiffs in error.

*William Gaslin, contra.*

RAGAN, C.

This is an error proceeding to review a judgment of the district court of Buffalo county confirming a judicial sale of real estate made in pursuance of a decree of foreclosure of mortgage.

1. The first complaint is that the record does not disclose that the notice of the sale was published in Buffalo county, where the real estate sold was situate. There are three answers to this contention: (1.) No such point was made in the motion to set the sale aside and cannot be made here for the first time. (*Ecklund v. Willis*, 44 Neb., 129.) (2.) This point is not made in the petition in error filed here. (3.) The affidavit of the publisher attached to the published notice of sale and the return of the officer who made the sale both show that the notice of sale was published in Buffalo county.

2. The second point made is that the record does not disclose that the newspaper in which the notice of sale was published was a paper of general circulation in said Buffalo county. No such point as this was made in the motion to set the sale aside. This is not one of the assignments of the petition in error filed here, and the return of sale made by the sheriff recites that the paper in which he caused the notice of sale to be published was in general circulation in said Buffalo county.

3. The third assignment of error is that one of the appraisers of the real estate was not a freeholder. The return of the sheriff who made the sale recites that the appraiser was a freeholder of the county, and the record brought here contains no competent evidence to the contrary.

4. The real estate is described in the decree as the "S. E. ¼ of section 24, in township 12 N., and range 15 W. of the sixth P. M. in Buffalo county." The description of the real estate in the notice of sale is the same, except that the description is "township 12," etc., without showing whether it was township north or south. It is now insisted that the variance between the description in the decree and the notice of sale is such as to call for the setting aside of the order of sale. But this description is sufficiently definite and certain. The section is the same in each description. The number of the township is the same in each, and the range is the same in each,

and in each case the land was described as being in Buffalo county. It follows that it could not be in any other place than township 12 north. (*Kansas City & S. W. R. Co. v. Hurst*, 22 Pac. Rep., [Kan.], 618.)

5. The fifth assignment of error is that the record does not disclose that the register of deeds of Buffalo county furnished the sheriff a certificate of incumbrances existing against the real estate sold. A sufficient answer to this contention is that the owner of the equity of redemption of real estate sold on mortgage foreclosure cannot be heard to object to the confirmation of the sale because prior liens existing against the real estate were not deducted from the appraisement made thereof. (*Smith v. Foxworthy*, 39 Neb., 214.)

6. The sixth assignment of error is that the real estate was appraised too low. No objection was entered to the appraisement made of this real estate until after its sale. It was then too late to raise the question.

7. Section 498 of the Code of Civil Procedure, among other things, provides that if the court shall, after having examined the proceedings of the officer making a judicial sale of real estate, be satisfied that the sale has in all respects been made in conformity with the provisions of the statute the court shall direct the clerk to make an entry in the journal that the court is satisfied of the legality of such sale, etc. The seventh assignment of error is that the order of confirmation is void because the journal entry of the confirmation does not recite "that the court is satisfied of the legality of such sale." The journal entry recites that the court "finds that said sale has been conducted fairly and legally, and is in all respects fair and in conformity with law." Then follows an order overruling the objections to the confirmation of the sale and confirming it. This is a substantial compliance with the statute and the judgment is not void. There is no error in the proceedings of the district court and its judgment is

AFFIRMED.