GEORGE M. MURPHY, APPELLEE, V. EFFIE M. GUNN, APPELLANT, ET AL.

FILED APRIL 21, 1898.     No. 9264.

1. **Judicial Sale:** APPRAISEMENT: CONFIRMATION: REVIEW. On the hearing of a motion to confirm a sale of real estate it appeared that the value of the land as fixed by the appraisers was $2,000. Four witnesses for plaintiff estimated the value at $1,800. One witness for defendant estimated the value at $2,700 and the other at $2,400. A decision of the trial court sustaining the appraisement was not erroneous.

2. ———: OBJECTIONS TO CONFIRMATION. Objections to the confirmation of a sale must specifically indicate the irregularity complained of. Failing to do this they will be disregarded.

3. ———: ———: TIME. When it is claimed that the time limited to show cause against confirmation of a judicial sale is too short, the defendant should apply to the court for additional time and, if necessary, accompany his application with a proper showing.

APPEAL from the district court of Saline county. Heard below before HASTINGS, J. *Affirmed.*

*Joshua Palmer*, for appellant.

*F. I. Foss* and *Norman Jackson*, *contra.*

SULLIVAN, J.

This case is here on appeal from an order of the district court of Saline county confirming a sale of real estate made pursuant to a decree of foreclosure. After the property was appraised, and before the sale, the appellant, Effie M. Gunn, filed the following objections to the appraisement: "Now comes Effie M. Gunn, one of the above named defendants, and objects to the confirmation and sale of the property in the above entitled action for the following reasons: (1.) The appraisers were not resident freeholders. (2.) The appraisers did not view the property. (3.) The property was appraised at less than its cash value. (4.) The property is worth more than it was appraised at. (5.) The appraisement and notice of sale were irregular, and not according to law. (6.) The sheriff did not appraise said property according to law." These objections were considered in connection with the motion for confirmation and were overruled. The first two are unsupported by any evidence and are completely refuted by the recitals in the return of the sheriff, from which it appears that the appraisers were resident freeholders of Saline county and that the appraisement was made upon actual view of the premises. The third and fourth objections call in question merely the correctness of the conclusion reached by the appraisers in regard to the value of the land. The appraisers fixed its value at $2,000. Four witnesses for the plaintiff estimated its market value at $1,800. One witness for the defendant swore it was worth $2,700, and another that its cash value was $2,400. On this evidence the ruling of the trial court sustaining the appraisement was correct. The fifth

and sixth objections are too indefinite to invite attention. They do not point out wherein the notice and sale were irregular nor in what respect the appraisement failed to meet the requirements of the law.   The rule is well settled in this state that objections of this character must specifically indicate the irregularity complained of.   Failing to do this they will be disregarded.   (*Johnson v. Bemis*, 7 Neb. 224; *Hooper v. Castelter*, 45 Neb. 67; *Ecklund v. Willis*, 44 Neb. 129.)

Appellant finally insists that she was not afforded a sufficient opportunity to prepare for the hearing on the motion to confirm the sale.   This contention is grounded on the fact that the order to show cause against confirmation was made on the morning of March 26, and the motion to confirm was submitted and decided on the afternoon of the same day.   On this point it is only necessary to say that if appellant needed more time for preparation, a seasonable application to the district court, accompanied by a proper showing, would, undoubtedly, have secured it.   If she went into the contest unprepared, the fault was hers alone.   The court was not advised of her lack of preparation.   Wherefore the order appealed from is

AFFIRMED.