PHILADELPHIA MORTGAGE & TRUST COMPANY, APPEL-
LEE, V. JOHN H. MOCKETT ET AL., APPELLANTS.

FILED JUNE 9, 1898.   No. 8159.

Judicial Sales: OBJECTIONS TO CONFIRMATION: REVIEW.   Objections to
the confirmation of a sale of real estate not urged in the lower
court will be unavailing in this court.

APPEAL from the district court of Lancaster county.
Heard below before HALL, J. *Affirmed.*

*Clark & Allen,* for appellants.

*Wharton & Baird, contra.*

NORVAL, J.

This appeal was taken from an order confirming the
sale of real estate under a mortgage foreclosure. A sin-
gle ground urged for a reversal is that a copy of the ap-
praisement was not filed with the clerk of the district
court until the day preceding the sale. The copy of
the appraisement should have been deposited in the office
of the clerk of the court wherein the decree was rendered
before the sale was advertised. (*Burkett v. Clark,* 46 Neb.
466; *Creighton University v. Mulvihill,* 49 Neb. 578.) The
omission indicated was such a defect in the proceedings
as to have wrought a reversal, had the same been sea-
sonably urged; but the objection is for the first time pre-
sented in this court in the brief of counsel for appellants,
as no motion to vacate the appraisement or to set aside
the sale was filed in the court below.

It was argued by the same counsel that it was not
necessary to file objections to the report of the sale to
make available the point now urged against the proceed-
ings of the sheriff; that section 498 of the Code of Civil
Procedure makes it the duty of the court to examine
the proceedings and return of the officer under an order
of sale, whether objections are filed or not, and confirm

the sale, if found to be regular and made in conformity with law, and refuse confirmation and vacate the sale if the proceedings are defective; and that objections to a judicial sale are only required to be filed when it is sought to raise issues not disclosed by the face of the record.  Doubtless, the court may, without objection being filed, vacate a sale where the return of the officer discloses the statutory steps have not been taken by him; but that is an entirely different matter from the question of practice which confronts us.  Irregularities and errors in proceedings of courts may be waived by parties failing to take advantage thereof at the proper time, and this is no less true with respect to defects occurring in judicial sales.  Whatever may be the rule elsewhere, it is firmly established in the jurisprudence of this state that objections to a confirmation of sale not urged in the trial court are not available on review.  (*Johnson v. Bemis*, 7 Neb. 224; *Runge v. Brown*, 29 Neb. 116; *Ecklund v. Willis*, 42 Neb. 737; *Hooper v. Castetter*, 45 Neb. 67; *Burkett v. Clark*, 46 Neb. 466; *Creighton University v. Mulvihill*, 49 Neb. 577.)  The order appealed from is accordingly

AFFIRMED.