ELIZABETH F. F. TOSCAN ET AL., APPELLEES, V. HENRY O. DEVRIES ET AL., APPELLANTS.

FILED DECEMBER 22, 1898.    No. 8482.

1. **Judicial Sales:** SPECIAL MASTER: OATH: PRESUMPTIONS. If a special master appointed to make a judicial sale is required to take an oath, it will be presumed, in the absence of any showing to the contrary, that such oath was taken.

2. ———: APPEAL FROM CONFIRMATION: APPRAISEMENT. A defendant, appealing from an order confirming a judicial sale of land, cannot be heard to complain that his interest was not singled out for appraisement, when the appraisement was the total value of the land less only liens which from their nature would have to be deducted from such defendant's interest.

3. ———: ———: OBJECTIONS. On an appeal from an order confirming a sale this court will consider only objections specifically made in the district court, and this whether the irregularity complained of appeared on the face of the record or was disclosed by evidence *aliunde*.

APPEAL from the district court of Douglas county. Heard below before AMBROSE, J. *Affirmed.*

*Frank Heller*, for appellants.

*Wharton & Baird*, contra.

IRVINE, C.

This is an appeal from an order confirming a sale made in pursuance of a decree of foreclosure. Confirmation was opposed because the sale was made by a master commissioner who had not taken and filed an oath. This

is the same question as was presented in *Omaha Loan & Trust Co. v. Bertrand*, 51 Neb. 508, and the record is in the same condition. It follows from that decision that if an oath was requisite it must be presumed that one was taken, there being no showing to the contrary.

It is next argued that the appraisers were not sworn. This argument is based on the supposed absence of an oath by the master, who undertook to administer the oath to the appraisers. The disposition of the former question decides this one.

It is objected that the appraisers did not appraise the interest of the proper persons. The appraisement is in its essential parts as follows: "We  *   *   *   do appraise the property hereinafter described, at its real money value, as the property to be sold  *   *   *   at the sum of twenty-one hundred dollars." Then followed a statement of prior incumbrances, consisting altogether of taxes, Then followed: "The interest of Henry O. Devries *et al.;* defendants, we value at nineteen hundred and sixty-four and 61-100 dollars." It is evident that the value was fixed by taking the whole value of the land and deducting therefrom the taxes. As taxes, when they become liens, override all other interests there could therefore have been no deduction of liens created or attempted to be created by adverse interests, or which would not attach to the estate of the owners of the equity, and as this countervailing incumbrance was deducted from the total valuation of the land, the appraisement must have been as high as if made exclusively with regard to the interest of the appealing defendants. They cannot complain.

In the briefs complaint is made that a copy of the appraisement was not filed with the clerk until after publication of notice of sale had been commenced, and the record seems to bear out that objection. Attention of the district court was not called to this defect by the objections to confirmation or motion to set aside the sale, It is a most familiar rule that this court will not,

except for insufficiency of the petition to state a cause
of action, or where there is a want of jurisdiction, enter-
tain questions not presented to the trial court.  This
principle has been frequently applied both in error pro-
ceedings and appeals from orders confirming judicial
and execution sales.  The court will only in such case
consider objections specifically made in the district court.
(*Johnson v. Bemis,* 7 Neb. 224; *Parrat v. Neligh,* 7 Neb.
456; *Runge v. Brown,* 29 Neb. 116; *Norton v. Nebraska
Loan & Trust Co.,* 40 Neb. 395; *Ecklund v. Willis,* 44 Neb.
129; *Hooper v. Castetter,* 45 Neb. 67; *Creighton University
v. Mulvihill,* 49 Neb. 577; *Nebraska Land, Stock-Growing
& Investment Co. v. Cutting,* 51 Neb. 647.)  It has been
suggested that the statute requires the judge to examine
the proceedings, and demands confirmation only after
such examination has disclosed that the sale has been
made in all respects in conformity to law (Code of Civil
Procedure, sec. 498); that in view of this active duty
imposed on the judge, the foregoing principle ought not
to apply where the defect or irregularity is apparent on
the face of the record.  An inspection of the foregoing
cases will show that the court has never regarded such
distinction.  In *Johnson v. Bemis* one of the objections
actually made in the district court was "For other rea-
sons appearing on the face of the return."  This was
held too indefinite to present any question for review.
In *Nebraska Land, Stock-Growing & Investment Co. v. Cut-
ting* one of the objections made in this court was the
failure of the record to disclose that the sale was adver-
tised in the proper county, and this was not considered,
for the reason, among others, that it had not been made
in the district court.  In *Hooper v. Castetter* and in
*Creighton University v. Mulvihill* the objection made was
the same as in this case,—the failure to file a copy of
the appraisal before advertising, and the objection was
held unavailing because not made in the district court.
The rule itself is sound and salutary, and in no way con-
flicts with the duty of the district judge to examine the

proceedings even in the absence of objection. It only means that a party cannot be heard to complain for the first time in this court of the failure of the district judge to perceive an irregularity, when the party himself has neglected to challenge his attention thereto. Some diligence is required of the suitor as well as of the judge.

AFFIRMED.

NORVAL, J., concurring.

I concur in the affirmance of the order of confirmation, but express no opinion upon the proposition stated in the third paragraph of the syllabus, for the reason the same is not presented by the record, and the determination thereof is not essential to a proper disposition of the cause. The return of the special master commissioner to the order of sale discloses that the order was received by him on September 13, 1895; that the premises were appraised in writing by himself and two disinterested freeholders of the county, "which appraisement is herewith returned, a copy of which I forthwith deposited with the clerk of the district court of said county, * * * and thereupon on the 20th day of September, A. D. 1895, I caused a notice to be published in the Omaha *Mercury*, a newspaper printed in and of general circulation in said county, that I would offer said lands for sale," etc. The first publication of the notice of sale was made on September 20, 1895, and the foregoing quotation from the return of the master commissioner establishes that a copy of the appraisement was duly deposited with the clerk of the district court prior to the commencement of the publication of the notice of sale. It is true a copy of the appraisement, as disclosed by the transcript, was filed September 21, 1895, but that is insufficient to show that another copy of the appraisement had not been previously filed, as stated in the return to the order of sale, especially as the transcript brought here does not purport to contain all of the record.

HARRISON, C. J., concurring.

If the question of what objections may be considered in an appeal to this court from an order of the confirmation of a sale of real estate under an execution or to enforce a decree of foreclosure was an open one or one of first impression, I might be disposed to take a different view to that expressed in the opinion of IRVINE, C., herein, but in an opinion in the case of *Parrat v. Neligh*, 7 Neb. 456, it was said in effect that in an appeal from an order of confirmation of a sale of real estate under a decree the matter will be heard *de novo*, but on objections which were made and presented in the district court. The doctrine of the opinion in the case at bar on the question of matters to be considered on the hearing in an appeal has been established by this court in a line of decisions (see citations in the opinion), and must now be followed. Hence I concur.