May v. State.

MARK MAY v. STATE OF NEBRASKA.

FILED NOVEMBER 8, 1893.   No. 5836.

33  211
56  500

1. **Criminal Law:** REVIEW. Where it is apparent that the plaintiff in error has not been prejudiced by the ruling complained of, the judgment will be affirmed, and this court will not examine the record for the purpose of determining whether or not such ruling is technically correct.

2. ———: CONTINUANCE: FAILURE TO NOTIFY DEFENDANT'S ATTORNEY OF TRIAL. A motion for continuance in a criminal case on the ground that the attorney for the accused had not been notified of the trial a sufficient length of time to properly prepare therefor, but which fails to show want of notice by the accused himself, is insufficient.

3. ———: LARCENY: CONFESSIONS EXTORTED BY THREATS: ADMISSIBILITY. Confessions of the accused in a criminal prosecution are inadmissible where there is reasonable ground for the presumption that they were extorted by threats or induced by means of promises.

4. ———: ———: EVIDENCE examined, and *held* sufficient to sustain the judgment of the district court.

ERROR to the district court for Douglas county.    Tried
below before DAVIS, J.

*Silas Cobb,* for plaintiff in error.

*George H. Hastings, Attorney General,* and *T. J. Ma-
honey,* for the state.

POST, J.

This is a petition in error from the district court of
Douglas county, and brings up for review the judgment of
that court, whereby the plaintiff in error was convicted of
the crime of larceny, and sentenced to a term in the peni-
tentiary.

1. The first of the alleged errors necessary to notice is the
overruling of the motion for a continuance.    The grounds
upon which the continuance was asked by the prisoner are:
First. Absence of witnesses by whom he could prove that
William Hayden, a member of the firm of Hayden Bros.,
who are named in the information as owners of the prop-
erty alleged to have been stolen, had admitted that he, the
prisoner, was the representative of said firm, and authorized
to purchase goods in their name.    It is sufficient to say
that on the trial the prisoner testified that he was, at the
time of the alleged larceny, employed as superintendent
or foreman of the notion department of Hayden Bros.'
store, in the city of Omaha, and was in the habit of pur-
chasing goods when required by the business of the firm.
On that point he was not contradicted by William Hayden,
who testified as a witness for the state.    On the other hand,
the testimony of the witness named is strongly corrobora-
tive of the prisoner.    It is clear that the statements im-
puted to Hayden, and which could have been proved by
the absent witnesses, were in no sense contradictory of his
evidence at the trial, and would, for that reason, have been
inadmissible if offered.  Second. That the prisoner's attor-

ney had not been notified when the case would be reached, until a few hours before it was called for trial. On that point the affidavit is insufficient, since it fails to show that the prisoner himself was not aware of the date set for the trial a sufficient length of time to make preparation therefor. Nor is it apparent, from an examination of the bill of exceptions, that he has been prejudiced by being required to go to trial without sufficient notice, since he had the benefit of a very able and skillful defense. It is doubtful, in fact, if a better presentation of the case in his favor could have been made under any circumstances. There was, therefore, no error in the overruling of the motion for a continuance of which the prisoner can now complain.

2. The next day, and after the selection of a jury had been begun, time was asked to prepare a second motion for a continuance, which was refused. Said application, according to the transcript, was based upon the information contained in a telegram sent by the prisoner's sister from Chicago the day previous. The telegram does not appear in the record; hence we are unable to say that there was an abuse of discretion by the court in denying the application.

3. The next assignment relates to the admission in evidence of certain confessions by the prisoner, claimed to have been made to William and Joseph Hayden. The ground of the objection stated is that said confessions were not voluntary, and appear from the record to have been made to persons in authority over the prisoner. This contention is not sustained by the record. The prisoner, according to the testimony of the witnesses named, on being confronted with proof of guilt in the form of letters indicating that he had for some time been engaged in disposing of goods from the store, on his own account, to parties in Chicago and New York, also with the property described in the information, to-wit, a quantity of silk elastic web belonging to his employers, which he had recently delivered to

the American Express Company consigned to a party in Chicago, broke down and confessed the theft charged, as well as others, and offered to make restitution.  Although the witnesses were not asked either on direct or cross-examination whether any threats or promises were made as an inducement to the confession, it is clear that the statement of the accused was entirely voluntary.  It is true that he testifies on his direct examination that on the Saturday preceding his arrest, which was on the following Monday, in a conversation with William Hayden concerning the larceny charged, the latter said to him: "This is crooked work.  I want you to tell the truth about it.  It will be better for you, for we know you are doing crooked work.  I will have you arrested and have an officer ready outside the door."  But he explicitly denies the confession proved.  It is also in evidence that he voluntarily returned to the store the next day, where he had a further conversation with the proprietors on the subject, and again on Monday, where he remained until late in the afternoon when he was taken into custody.  The rule which excludes evidence of confessions whenever there is reasonable ground for the presumption that they were extorted by threats or induced by promise of immunity, is one of great antiquity, and rests upon the soundest reasons.  But in determining whether the confession offered is admissible, the test is whether the threat or promise shown is in any degree calculated to influence the accused. (See 3 Russell, Crimes [9th ed.], 367.)  Tested by that rule the confession in this case was admissible, and the district court did not err in receiving it in evidence.

4. Exception is taken to the refusing of instruction No. 1 requested by the prisoner, which correctly states the rule with respect to the presumption of innocence in his favor, and the facts which the state was required to establish in order to be entitled to a conviction.  The court had, however, given the same proposition in substance; hence the refusal of the request was not error.

5. It is urged finally that the evidence is insufficient to sustain the judgment. In that view we cannot concur. The proof clearly establishes the fact that the prisoner at the time charged, while employed by the firm above named, packed in a box a large quantity of silk elastic web, the property of his employers, and caused it to be delivered to the express company, consigned to A. Stein & Co., Chicago, from whence it was recovered by the owners. That his intention was to dispose of the property in question on his own account, will, under the circumstances of the case, scarcely admit of a doubt. Among other things which indicate a felonious intention on the part of the prisoner, is the fact that the explanation given by him of the transaction is unreasonable and apparently false, while there is evidence strongly tending to prove the conversion of property at other times by disposing of it in like manner, on his own account, to parties in Chicago and New York. We can see no ground for interference with the verdict of the jury, as the evidence is clearly sufficient to sustain the judgment.

There are other questions discussed in the brief of plaintiff in error, but as they were not presented by the motion for a new trial, they do not call for notice at this time. The judgment of the district court is

AFFIRMED.