MARY E. OVERALL ET AL. V. JOHN A. MCSHANE.

FILED SEPTEMBER 16, 1896. No. 6797.

Judicial Sales: APPRAISEMENT: OBJECTIONS. Objection that the appraisement made as a part of the proceedings in a judicial sale is too low or too high must be made and, with a motion to vacate the appraisement, be filed in the cause in which the sale is about to be effected, before the sale. (*Vought v. Foxworthy*, 38 Neb., 790; *Burkett v. Clark*, 46 Neb., 466.)

ERROR from the district court of Douglas county. Tried below before IRVINE, J.

· *David Van Etten* and *Silas Robbins*, for plaintiffs in error.

*Frank T. Ransom, contra.*

HARRISON, J.

In an action commenced in the district court of Douglas county to foreclose a mortgage the case proceeded to decree of foreclosure, to enforce which an order of sale issued, sale was made, and a motion to confirm it filed. At this stage of the proceedings a motion to set aside the sale was presented on behalf of the principal defendants, the ground of the motion being that the appraisement of the property made and returned as a part of a complete and perfect judicial sale was too low. This motion was overruled and the motion to confirm the sale sustained. It is urged in this court that the trial court erred in not setting the sale aside. The sole question presented here, as in the trial court, was with reference to the appraisement, and the objection that it was too low was not made until after sale; to be available it should have been made, and the motion to vacate the appraisement filed in the case, before the sale took place. (*Vought v. Foxworthy*, 38 Neb., 790; *Burkett v. Clark*, 46 Neb., 466.) We have, however, in this case examined the record and evidence before the judge of the district court when he made the ruling to which complaint is here pressed, and conclude that his action in overruling the motion to set aside the sale was proper in view and consideration of what was before him in regard to the appraisement and its amount. It follows that the order confirming the sale must be

AFFIRMED.

IRVINE, C., took no part in the consideration of the case.