JAMES H. McMURTRY v. COLUMBIA NATIONAL BANK OF LINCOLN.

FILED DECEMBER 9, 1897. No. 7664.

1. Execution: APPRAISEMENT: REVIEW. This court will not review the appraisement made of real estate sold on execution, for the purpose of determining whether such appraisement is too high or too low, unless objections on that ground be made and filed in the court from which the execution issued, before the sale occurred, and such objections be ruled upon by said court.

2. ———: SALE: REVIEW. Evidence examined and *held* to sustain the finding of the district court that the execution creditor had not caused the real estate in controversy to be levied upon and sold contrary to a valid agreement existing between himself and the execution defendant.

ERROR from the district court of Lancaster county. Tried below before TIBBETS, J. *Affirmed.*

*Field & Brown*, for plaintiff in error.

*Brown & Leese*, contra.

RAGAN, C.

This is a proceeding in error to review a judgment of the district court of Lancaster county confirming an execution sale of real estate.

1. The first assignment is that the value placed upon the property by the appraisers was very much less than its fair value. We cannot review this assignment for the reason that no objections to the appraisal were made and filed in the court from which the execution issued, before the sale occurred. (*Overall v. McShane*, 49 Neb., 64, and cases there cited.)

2. The plaintiff in error insisted in the court below, as a ground for setting aside the sale, that the execution creditor had caused the real estate to be seized and sold contrary to a valid agreement existing between himself and the plaintiff in error, in and by which, for a certain consideration, execution was not to issue until after a year from the date of said agreement; and that the execution on which the sale in controversy was made was issued before the expiration of the year, in violation of the terms of such agreement. The plaintiff in error now insists that the district court erred in finding and holding that no such an agreement existed. To sustain his contention as to said agreement the plaintiff in error filed in the court below his affidavit. The execution creditor in answer to this filed his affidavit, in which he does not deny the making of the agreement claimed by the plaintiff in error, but alleges that it has no reference to the property in controversy here, and specifically points out what property was embraced within that agreement. These two affidavits constitute all the evidence on the subject. We cannot say that the district court reached the wrong conclusion from the evidence before it, and its judgment is

AFFIRMED.