Best v. Zutavern.

CHARLES BEST v. GEORGE C. ZUTAVERN.

53  619
d62  235

FILED FEBRUARY 2, 1898.   No. 7799.

1. **Executions:** OBJECTIONS TO CONFIRMATION OF SALE. An objection to a confirmation of a sale ·on execution, on the ground of a mere irregularity in the appraisement, comes too late when first urged after the return of such completed sale by the officer conducting the same.

2. ——: SALE OF HOMESTEAD. The homestead right of exemption of real property under the laws of this state is not a proper subject for consideration upon proceedings for the confirmation of a sale of the alleged homestead on execution.

3. ——: CONFIRMATION OF SALE. The only matter settled and adjudicated in the proceedings and order of confirmation is as to the proceedings of the sheriff and those acting under and with him in the levy, appraisement, advertising, making, and returning of said sale. In so far as the principle thus stated in *Schribar v. Platt,* 19 Neb. 625, is in conflict with the reasoning in *Berkley v. Lamb,* 8 Neb. 392, the later case considered is *held,* in effect, to have overruled the earlier case.

ERROR from the district court of Johnson county. Tried below before BABCOCK, J. *Affirmed.*

*Davidson & Giffen,* for plaintiff in error.

*J. Hall Hitchcock* and *L. C. Chapman, contra.*

RYAN, C.

By his petition in error Charles Best questions, in this court, the correctness of the order of the district court of

Johnson county whereby were overruled his two objections to the confirmation of a sale of certain of his real property.   These objections were not filed until after the sale had been made and returned for confirmation.

The first objection urged no fraud, but merely an alleged irregularity in the appraisement and was properly overruled.   (*Vought v. Foxworthy*, 38 Neb. 214; *Burkett v. Clark*, 46 Neb. 466; *Overall v. McShane*, 49 Neb. 64; *Kearney Land & Investment Co. v. Aspinwall*, 45 Neb. 601; *McMurtry v. Columbia Nat. Bank*, 53 Neb. 21; *Ecklund v. Willis*, 44 Neb. 129.)

The second objection, briefly stated, was that the property sold by the sheriff was the homestead of Charles Best, and, therefore, being exempt from sale on execution, a confirmation of such sale should have been denied. In *Schribar v. Platt*, 19 Neb. 625, among other questions, there was determined the effect of a confirmation of a sale on execution over the objections of the execution defendant that the property sold was his homestead and as such was exempt from sale on judicial process.   With respect to the contention of the adverse party that the confirmation of the sale was conclusive in a collateral proceeding, COBB, J., in the delivery of the opinion of this court, said: "The learned district court seemed to be of the opinion, and so found, that the question of title was involved in and settled by the proceedings for the confirmation of the said execution sale.   In that, I think, the court erred; and that the only thing settled or adjudicated in the proceedings and order of confirmation, so called, was as to the proceedings of the sheriff and those acting under and with him in the levy, appraisement, advertising, making, and returning of said sale." It is true this view is hardly reconcilable with the reasoning in *Berkley v. Lamb*, 8 Neb. 392, but as it is the later and has been acquiesced in for several years it must prevail and *Berkley v. Lamb, supra*, to that extent must be deemed overruled.   On principle the holding in *Schribar v. Platt, supra*, is evidently correct, for this court has held that,

at chambers, a judge may confirm a judicial sale (*B a'rice Paper Co. v. Beloit Iron Works*, 46 Neb. 900; *McMurtry v. Tuttle*, 13 Neb. 232), and this is hardly consistent with the idea that at such a hearing there may be an adjudication of rights ordinarily determinable only by courts in the exercise of their jurisdiction as such.   On principle the language above quoted from *Schribar v. Platt, supra*, finds direct support in the reasoning in *Quigley v. McEvony*, 41 Neb. 73.   (See also *Baumann v. Franse*, 37 Neb. 807.) The ruling of the district court, we therefore conclude, was right, and accordingly it is

AFFIRMED.