CLARENCE CHEZEM V. STATE OF NEBRASKA.

FILED NOVEMBER 3, 1898. No. 10221.

1. **Larceny: INFORMATION.** An averment in an information that the accused, from the person of the prosecuting witness, unlawfully and feloniously, did steal, take, and carry away certain property belonging to such witness sufficiently charges that the taking was against the will of the owner.

2. ——: CORPUS DELICTI: EVIDENCE. To sustain a conviction for a crime the *corpus delicti* must be proven beyond a reasonable doubt. Rule applied.

3. ——: ——: ——. Evidence examined, and *held* to sustain a conviction of the crime of larceny from the person.

4. **Criminal Law:** CONFESSIONS OF ACCUSED. When the offense charged in an information has been fully established by competent evidence, the free and voluntary statement and confessions of the accused may be proven for the purpose of connecting him with the crime.

5. **Credibility of Witnesses.** It is not error to instruct a jury that they must alone determine the credibility of witnesses, and that in doing so it is proper to consider the interest, if any, of a witness in the result of the suit, and his demeanor upon the stand.

6. ————: JURY. A jury is not bound to accept as true everything testified to by a witness, though unimpeached.

7. **Evidence:** INSTRUCTIONS. It is not error to refuse an instruction which has the effect to withdraw from the consideration of the jury competent material evidence in the case.

8. ————: ————: REVIEW. Error cannot be predicated upon the refusal of an instruction which is not applicable to the evidence.

9. **Failure to Request Instructions.** A party cannot usually be heard to complain of the failure of the court to instruct upon a particular feature of the case where he has not requested a proper instruction upon the subject.

ERROR to the district court for Adams county. Tried below before BEALL, J. *Affirmed.*

*John C. Stevens,* for plaintiff in error.

*C. J. Smyth, Attorney General,* and *Ed P. Smith, Deputy Attorney General,* for the state.

NORVAL, J.

Clarence Chezem was prosecuted in the district court of Adams county, under section 113a of the Criminal Code, for the crime of larceny from the person of one Asa R. Oliphant. Upon the trial a verdict of guilty was returned, whereupon the accused filed a motion in arrest of judgment on the ground that the information under which the conviction was had did not state facts sufficient to constitute a crime, which motion was overruled, as was likewise his motion for a new trial, and the defendant was sentenced to imprisonment in the penitentiary for the term of one year, and to pay the costs of the prosecution.

36

It is urged that the information fails to charge a crime. The information alleges that "Clarence Chezem, late of the county aforesaid, on the 10th day of January, A. D. 1898, in the county of Adams, and state of Nebraska aforesaid, then and there being, from the person of one Asa R. Oliphant, unlawfully and feloniously, did steal, take, and carry away one purse of the value of twenty-five cents and fifteen dollars, lawful money of the United States, of the value of fifteen dollars, the property of the said Asa R. Oliphant, without putting him, the said Asa R. Oliphant, in fear by the use of threats, force, or violence." The sole criticism made against the information is that it contains no averment which negatives the innocence of the accused. In other words, had Chezem taken the property from the person of Oliphant with the consent of the latter, it would be wholly consistent with the charge set out in the information. To this proposition we do not yield assent. The information avers that the pocketbook and money were unlawfully and feloniously taken from the person of the prosecuting witness. This is not an allegation of a conclusion merely, but of an ultimate fact, and clearly negatives any inference that consent to the taking of the property was obtained. Oliphant could not have given permission to the removal of the pocketbook and money from his person, if the taking was unlawful and felonious. To constitute the crime of larceny from the person, defined in section 113a of the Criminal Code, it is indispensable that the property be taken from the person of another without his consent, and the information in the case at bar so charges.

The next argument is that the *corpus delicti* was not proven. In other words, the body of the offense was not established by the evidence. If such be the case, manifestly the judgment must be reversed, since to sustain a conviction for a crime the *corpus delicti* must be established beyond a reasonable doubt. (*Dreesen v. State*, 38 Neb. 375.) A careful reading of the evidence preserved in the bill of exceptions shows that the contention of

counsel that the crime charged was not shown to have been committed is entirely without foundation. The evidence adduced on the trial completely established that during the night of January 10, 1898, in the city of Hastings, Adams county, there was stolen from the person of Asa R. Oliphant, and against his will, without putting him to fear by threats, force, or violence, the pocketbook and money of the prosecuting witness. It is also disclosed beyond a reasonable doubt that on said date Chezem and Oliphant visited the saloons together in the city of Hastings, and that the latter displayed his money in the presence of the former; that the two together, about 11 o'clock at night on January 10, went to Scott's livery stable in said city, where the defendant made a bed by spreading some robes on the floor, on which Oliphant laid down in the presence of Chezem and went to sleep. At that time the prosecuting witness had in his pocket about $16 in money, of which fact the defendant was aware. When Oliphant awoke he ascertained that his money was missing and that the accused had gone. The money was not given to Chezem, nor did he have permission to take the same. After the arrest of the accused he went with Whitmier, a policeman, and pointed out the pocketbook. Witnesses testified that Chezem admitted to them that he took the money. The *corpus delicti* was not only satisfactorily proven, but that the defendant committed the crime was established on the trial beyond a reasonable doubt.

Complaint is made of allowing Whitmier, a witness for the state, to testify to certain alleged expressions and statements made by the accused after his arrest and while he was in jail. The record discloses that the statements and expressions imputed to the defendant were freely and voluntarily made by him without any threats, promises, or inducements whatever being held out. The offense charged in the information had been fully proven by competent evidence, and proof of the confessions so made by the prisoner was competent as tending to con-

nect him with the offense. (*Heldt v. State*, 20 Neb. 492; *Furst v. State*, 31 Neb. 403; *May v. State*, 38 Neb. 211; *Weinecke v. State*, 34 Neb. 14; *Bubster v. State*, 33 Neb. 663; *Basye v. State*, 45 Neb. 261.)

It is urged that the following instruction is erroneous and should not have been given to the jury: "The court instructs you that you are the sole judges of the credibility of the witnesses, and that you need not believe anything to be a fact simply because a witness testifies to it positively, if from all the evidence and circumstances arising in the case, the demeanor of the witness upon the stand, the manner of his testifying, his apparent candor and fairness, his interest, if any, in said action, you believe that he has knowingly testified falsely." The foregoing is a correct exposition of the law, and a charge to the jury couched in substantially the same language was approved in *Murphey v. Virgin*, 47 Neb. 692. Unquestionably jurors are to determine for themselves the credit to be given witnesses, and the weight to be accorded their testimony. The demeanor of a witness while testifying, his interest, apparent intelligence, candor, and fairness, or want thereof, are all proper matters for consideration, and the triers of fact are not required to accept as true all sworn testimony, though not directly impeached or contradicted. The instruction assailed does not purport to apply to the defendant alone, who testified in his own behalf, as his counsel assume, but was alike applicable to all the witnesses in the case whether examined on behalf of the prosecution or defense. The court by this instruction in no manner criticised, or cast reflections upon, the testimony of the accused, but properly allowed the jurors to decide for themselves the weight his testimony should receive. The instruction was fair, and free from error.

The action of the trial court is criticised for its refusal to give the following instruction tendered by the accused: "You are further instructed that before a confession of guilt is proper for you to consider, you must find

that the confession of guilt was made voluntarily and without any promise of leniency or threat, and if you find that defendant confessed to taking this money from Oliphant in consideration of a promise from Lepinski that if he would confess that he took the money from Oliphant he would not be prosecuted, you will find the defendant not guilty." It would have been rank error to have given this instruction in its entirety as requested. The fact that the defendant may have made a confession of guilt under a promise of immunity would not alone entitle him to an acquittal, as the court was asked to charge the jury, since there is ample evidence in the record, aside from the confessions of the prisoner, to justify a conviction, which the instruction sought to have the jury ignore and disregard.

The following request tendered by the defendant the court declined to give to the jury, which refusal is assigned as error: "You are further instructed in this case that you cannot convict the defendant in this case on his confession or admission alone, and if you find there is no other evidence in this case that the defendant committed the crime charged in the information, you will find him not guilty." The fault with this instruction is it was not framed with reference to the evidence adduced on the trial. There was evidence other than the confessions testified to by witnesses that the defendant committed the crime charged; hence it would have been improper to have instructed the jury as outlined in said instruction.

It is finally insisted that the judgment should be reversed because the jury were not instructed that they might find the defendant guilty of petit larceny. There are two ready answers to this suggestion: First, no request covering this point was submitted by the defendant, and in the next place the evidence would not have warranted a verdict of petit larceny. The defendant was either guilty of the crime stated in the information or he was wholly innocent. The jury, after a fair and im-

partial trial, concluded he was guilty, and the verdict
meets with our approval. The judgment is

. AFFIRMED.