SCOTTISH-AMERICAN MORTGAGE COMPANY, APPELLEE, V. W. G. NYE ET AL., APPELLANTS.

FILED JUNE 8, 1899.     NO. 8935.

1. **Judicial Sales:** APPRAISEMENT: OBJECTIONS. Objections to the appraisement of property for the purpose of judicial sale must be made in the district court prior to the sale.

2. ——: DEPUTY SHERIFF. A deputy sheriff may perform any act for his principal in making a foreclosure sale.

3. ——: APPRAISEMENT. But one appraisement of real estate is required to be made until the property has been twice advertised and twice offered for sale.

APPEAL from the district court of Buffalo county. Heard below before GREENE, J. *Affirmed.*

*Fred A. Nye,* for appellants.

*Dryden & Main, contra.*

NORVAL, J.

A decree foreclosing a real estate mortgage was entered in this cause in the district court of Buffalo county, the property was sold thereunder by the sheriff and the sale confirmed, and defendants have prosecuted an appeal from the order of confirmation, urging as reasons why the sale should not be confirmed: First, that the appraisers were summoned and sworn by the sheriff while his deputy acted for him in making the appraisement; and second, that the appraisement was made one year prior to the sale.

The first objection urged against the confirmation can-

not be sustained, since it was urged in the trial court for the first time after the sale had taken place. It is the settled law of this state that objections to the appraisement of property for the purpose of judicial sale must be made prior to the sale. (*Ecklund v. Willis,* 42 Neb. 737; *Burkett v. Clark,* 46 Neb. 466; *Overall v. McShane,* 49 Neb. 64.) Moreover, the appraisement was not vitiated by reason that the deputy sheriff assisted in making the same. (*Nebraska Loan & Building Ass'n v. Marshall,* 51 Neb. 534; *Hamer v. McKinley-Lanning Loan & Trust Co.,* 52 Neb. 705.) If a deputy may act for his principal in making judicial sales, as this court has held in the cases cited, it logically follows that he may perform any act or acts necessary in making such sales, including the appraisement of property. The deputy acts for and in behalf of his principal, and the official acts of the deputy are, in legal effect, those of his principal. If a deputy sheriff assists in appraising property under a decree of foreclosure, he alone, and not his principal, must make the sale, is the argument advanced by defendants' counsel. · If this be true, then if after a deputy sheriff has made an appraisement he should resign or die, his principal could not go on and complete the sale. We cannot yield assent to such a doctrine, but the better rule is that any act necessary to make a legal sale under a decree of foreclosure may be performed by a deputy sheriff, and the remainder of the acts may be discharged by the sheriff himself.

The appraisement was made more than a year prior to the sale, but this alone did not affect the validity of the sale. The appraisement had been made under a former order of sale, and being valid, there was no authority for making a new appraisement until the property had been twice offered for sale. (*Burkett v. Clark,* 46 Neb. 466.) The order assailed is

AFFIRMED,