SECURITY INVESTMENT COMPANY, APPELLEE, V. EDWARD R. SIZER ET AL., APPELLANTS.

FILED JUNE 8, 1899.    NO. 8919.

Mortgage-Foreclosure: APPRAISEMENT: SALE. It is too late, after a sale of real estate under a decree of foreclosure, to question the correctness of the appraisement except for fraud.

APPEAL from the district court of Lancaster county. Heard below before HOLMES, J. *Affirmed.*

*C. A. Atkinson,* for appellants.

*Samuel J. Tuttle, contra.*

SULLIVAN, J.

This is an appeal from an order of the district court of Lancaster county confirming a sale of real estate made under a decree of foreclosure. The appellants contend that the appraisers erred in deducting from the gross valuation of the property state and county taxes in excess of the amount actually due thereon, and that, this error being eliminated, it appears the premises did not sell for two-thirds of the value of the debtor's equity. The objection to the appraisement was not made and filed before the sale, and is not now entitled to be considered. By section 491*d* of the Code of Civil Procedure it is made the duty of an officer holding an appraisement of real estate to deposit a copy thereof in the office of the clerk of the district court of the proper county before the sale is advertised. The object of this statute is to afford parties interested an opportunity to examine the appraise-

ment and move to set it aside for cause before the sale occurs. (*Vought v. Foxworthy*, 38 Neb. 790; *Burkett v. Clark*, 46 Neb. 466.) It is too late after the sale to question the correctness of the appraisement, except for fraud. (*Kearncy Land & Investment Co. v. Aspinwall*, 45 Neb. 601.) The order is

AFFIRMED.