FANNIE BERNHEIMER, APPELLEE, v. FRANCIS G. HAMER ET AL., APPELLANTS.

FILED MARCH 7, 1900.   No. 9,163.

1. **Judicial Sale**: CONFIRMATION: OBJECTIONS. Objections to the confirmation of sale of real estate must be specifically assigned, and called to the attention of the trial court, in order to entitle them to be considered in this court.

2. ———: APPRAISAL: OBJECTIONS. Objections to an appraisal of property to be sold at judicial sale should, except where fraud is alleged, be filed prior to the date fixed for the sale.

3. ———: ERROR IN APPRAISAL: OUTLAWED LIEN. An error in appraising real estate for judicial sale, whereby an outlawed lien was deducted, is without prejudice, where the property sold for more than two-thirds its gross valuation.

APPEAL from the district court of Buffalo county. Tried below before GREENE, J.   *Affirmed.*

---

[*]See *Stoppert v. Nierle*, 45 Nebr., 105.—REPORTER.

*Francis G. Hamer*, for appellant:

It was the duty of the court to examine the return of the sheriff, and to have ascertained if any irregularity appeared therein; and, if any such irregularity appeared, to set aside the sale upon his own motion. See *Helmer v. Rehm*, 14 Nebr., 220.

The sheriff can not delegate the exercise of judicial functions to his deputy. See *State v. Noble*, 118 Ind., 350; *Van Slyke v. Insurance Co.*, 39 Wis., 390; *State v. Jefferson*, 66 N. Car., 309.

*Dryden & Main, contra.*

SULLIVAN, J.

This is an appeal from an order of the district court of Buffalo county confirming a sale of real estate made pursuant to a decree of foreclosure. Appellant contends that there are four sufficient reasons why the sale should be set aside. The first, second and third of these reasons were not brought to the notice of the district court, and, consequently, can not be considered here. Such is the rule established by *Johnson v. Bemis*, 7 Nebr., 224; *Ecklund v. Willis*, 44 Nebr., 129, and *Creighton University v. Mulvihill*, 49 Nebr., 577. The fourth ground of objection to the sale is that the appraisers deducted from the gross valuation of the property an outlawed lien amounting to $84.81. This objection is without merit, because (1) it does not affirmatively appear that the right to enforce the lien by action was barred; (2) the appropriate remedy was a motion to vacate the appraisement *(Jarrett v. Hoover*, 54 Nebr., 65), and (3) the land having been sold for two-thirds of the gross valuation, the alleged error in the appraisal was not prejudicial. See *La Selle v. Nicholls*, 56 Nebr., 458. The order of confirmation is

AFFIRMED.