HERMAN GROSS V. CHRISTIAN F. SCHEEL.

CHRISTIAN F. ZIEMAN V. CHRISTIAN F. SCHEEL.

FILED JANUARY 21, 1903.   No. 12,507.

Commissioner's opinion, Department No. 2.

1. **Conversion:** DEMAND: EVIDENCE. In an action to recover damages for the conversion of goods, the only purpose of a demand is to establish the fact of a conversion. Where a wrongful conversion is established by other testimony a demand need not be shown.

2. **Reply:** ANSWER: DEFECTIVE PLEADING: MOTION: WAIVER: DENIAL IN REPLY OF ALLEGATIONS IN ANSWER INCONSISTENT WITH PLAINTIFF'S PETITION. A reply to an answer denying each and every allegation contained in the answer inconsistent with the statements of plaintiff's petition is defective, and an insufficient denial of the allegations of the answer, and, upon a motion to make more specific, will be held bad, and unless amended so as to conform to the Code will be treated as no denial. But if upon such denial the parties go to trial treating it as a sufficient denial, it must be so treated in all stages of the case. *Herdman v. Marshall*, 17 Nebr., 252, approved and followed.

3. **Evidence:** MEMORANDUM. A memorandum in the form of an inventory of goods may be used by a witness to refresh his memory in order to enable him to testify as to the particular items of a stock of goods, and their value, which he claims has been converted. And an itemized statement in the form of a memorandum of goods purchased and added to the stock described in the inventory may be used in the same manner and for the same purpose, and where the witness testifies that he made such memoranda himself and that they are correct, they may be introduced in evidence to corroborate his testimony.

4. ——; ——: CASH REGISTER: USE BY WITNESS. Where a memorandum is kept in connection with a cash register, upon which, in the usual course of business, are entered all of the sales in a mercantile establishment, both cash and credit, at the time when such sales are made, it may be used by a witness to refresh his memory as to the amount of goods sold; and when he can testify, as a matter of fact, that such memorandum is correct, it may afterwards be put in evidence, not to prove anything of itself, but as a detailed statement of the items testified to by the witness.

5. **Evidence.** Evidence examined, and *held* sufficient to sustain the verdict.

Syllabus by court; catch-words by editor.

6. **Action for Conversion:** VERDICT: EVIDENCE: JUDGMENT. Where an action is brought against several persons for the conversion of a stock of goods and a verdict is rendered against all of them, and the evidence is not sufficient to sustain it as against one or more of them, their motion for a new trial may be properly sustained, and judgment rendered on the verdict against the other defendants. *Hayden v. Woods*, 16 Nebr., 306, approved and followed.

ERROR from the district court for Saline county. Action for the conversion of a stock of goods. Tried below before STUBBS, J. Verdict for plaintiff. Each defendant moved for a new trial. Judgment on the verdict against Herman Gross and Christian Zieman, from which judgment they separately bring error. *Affirmed.*

*George H. Hastings, William G. Hastings* and *Robert Ryan,* for plaintiffs in error.

*Fayette I. Foss* and *A. R. Scott, contra.*

BARNES, C.

This case was commenced in the district court for Saline county by Christian Scheel against Herman Gross, Ernst Gross, Otto Lindekugel and Christian F. Zieman, to recover the value of a certain stock of goods consisting of hardware, tinware, saddlery, harness goods, leather, blankets, furniture, coffins and funeral furnishings, situated, on and before the 23d day of December, 1895, in a store building in the village of Western, in said county. It was alleged in the petition that on or about the 23d day of December, 1895, the defendants obtained possession of the property, to wit, the goods and merchandise in the store building, and then and there unlawfully and wrongfully converted them to their own use, to the plaintiff's damage in the sum of $3,500. An application was made by the defendants to require the plaintiff to make his petition more definite and certain by attaching thereto a bill of particulars, or inventory describing the goods in question, and this was accordingly done. Thereupon the defendants filed their

amended answer to the plaintiff's petition, which contained, first, a general denial of each and every allegation contained therein; second, it was alleged, in substance, that on the 8th day of January, 1896, the defendant Christian Zieman, by the request and solicitation, and on the procurement of the plaintiff, and with his full consent and participation, purchased for a valuable consideration, of the People's Bank of Western, Nebraska, and its cashier, a stock of goods like that mentioned in the plaintiff's petition, but of a value not to exceed $600; that plaintiff was, thereby, wholly estopped to deny the title of said defendant Zieman or his grantors in said purchase; that on said 8th day of January, 1896, the defendant Herman Gross, with the full knowledge and assent of the plaintiff at that time, for a valuable and adequate consideration, to wit, the sum of $600 then paid by him, purchased and received the said stock of goods from the defendant Christian Zieman, with the full knowledge and assent of the plaintiff, and upon plaintiff's express declaration that he had no interest in said goods and merchandise, and that plaintiff was wholly estopped to assert any title therein as against the defendants, or either of them. To this amended answer a reply was filed as follows: "Now comes the plaintiff and for reply to the said defendants' amended answer denies each and every allegation in said amended answer contained that in any way conflicts or contradicts the allegations in plaintiff's petition." No motion was filed to require this reply to be made more definite and certain; it was not demurred to, and no motion was made for a judgment on the pleadings, but it was treated at the time and during the whole of the trial as though it was sufficient, and fully denied the allegations of the defendants' answer. Upon the issues above stated the cause was tried to a jury and resulted in a verdict in favor of plaintiff and against all of the defendants for the sum of $2,107.54. Each of the defendants filed a motion for a new trial. These motions were sustained as to the defendants Ernst Gross and Otto Lindekugel, but were overruled as to the

defendants Herman Gross and Christian F. Zieman, and thereupon a judgment was rendered on the verdict in favor of the plaintiff and against the last-named defendants. From that judgment the defendants prosecute error to this court, and hereafter they will be called the plaintiffs, and the plaintiff in the court below will be called the defendant.

It was made to appear that at and before the 19th day of November, 1895, the defendant owned the stock of hardware, harness goods, saddlery, tinware, coffins and undertakers' goods in question, and had for some years before that time been conducting a store in a building owned by his wife, situated in the town or village of Western, in Saline county; that he was indebted to the People's Bank of Western to the amount of about $800; that the plaintiff Zieman had signed his notes to the bank as surety, and was interested in the payment thereof; that on or about the said 19th day of November one Butler, the cashier of the bank, took a mortgage from defendant upon the stock of goods in question as additional security for the payment of said debt; that immediately after the execution of the mortgage the bank took possession of the goods, locked up the store, put a notice in the window that the stock had been seized and was held under a chattel mortgage, and advertised the goods for sale. On the 23d day of December following, there was an attempt made to sell the goods under the chattel mortgage. One Robert Gross, a brother of one of the plaintiffs, bid the sum of $600 for the stock, and the auctioneer, or person conducting the sale, struck it off to him. Butler, acting for the bank, thereupon retired from the store and locked it up, retaining possession of the key. Gross refused to make his bid good,—refused to accept and pay for the goods,—and the matter remained in that situation until the 8th day of January, 1896. On that day plaintiff Christian Zieman executed a bill of sale of the stock of goods to plaintiff Herman Gross for the alleged consideration of $600. This money was turned over to the bank. The cashier of that institution delivered the key to Herman Gross, who took possession of the

property, and has ever since retained it, and claims to own the same under the bill of sale from Zieman. It appears that the auctioneer at the sale, when Robert Gross refused to make his bid good and pay over the money for the goods, without the knowledge or consent of the defendant, and at a time subsequent to the 23d day of December, 1895, at Butler's solicitation made out a bill of sale by which he purported to convey the stock of goods to the plaintiff Christian Zieman. It is shown, however, that the defendant had nothing to do with it and had no knowledge of the transaction. It further appears that the defendant was present in the bank on the 8th day of January, when Zieman executed the bill of sale to Gross, and refused to sign it, or have anything to do with the matter. It further appears that he made a bill of sale of his tinner's tools to Gross about that time, in consideration of the payment of the agreed price thereof. Matters remained in that situation until this action was commenced by the defendant to recover the value of the goods.

1. It is contended that it was necessary for the defendant to make a demand for the possession of the goods before he could maintain his action. Defendant admits that he personally made no demand, but testified that he sent his wife to the store for that purpose. She testifies that she made such demand, while plaintiff Gross testifies that she only demanded the possession of the defendant's diploma, which was in the store; and we are unable to say that, as a matter of fact, no demand was ever made. It is evident that upon this conflicting evidence the jury found for the defendant, and such finding will not be set aside. It may be suggested, however, in a case like this, where the defense pleaded was the ownership of the property in question, that no demand was necessary in order to maintain the action.

In *Wright v. Greenwood Warehouse Co.,* 7 Nebr., 435, it was held: "In an action to recover damages for the conversion of goods, the only purpose of a demand is to establish the fact of conversion. Where a wrongful conversion is es-

tablished by other testimony, a demand need not be shown."

"When the conversion is direct, as by an illegal taking of the chattels, or a wrongful assumption of property, or a misuse of it, the conversion is complete without a demand." 4 Am. & Eng. Ency. Law [1st ed.], p. 115.

A demand is not necessary if the taking is tortious, or the actual conversion is otherwise proved. In any event, the jury having determined this question upon conflicting evidence, the plaintiffs, so far as this contention is concerned, must fail.

2. It is claimed that the reply failed to controvert the new matter of defense set up in the answer, and that therefore judgment should have been rendered for the plaintiffs. It will be observed, however, that no motion for a judgment on the pleadings was made by them. They never asked to have the reply made more definite and certain, but upon the trial of the case treated it as amply sufficient to put in issue the averments of the answer. It has been repeatedly held by this court that where the pleading has been thus treated by a party he can not take advantage of its insufficiency after trial.

In *Albion Milling Co. v. First Nat. Bank of Weeping Water*, 64 Nebr., 116, it was held that where an answer is faulty, but is replied to, and treated by the plaintiff as sufficient during the whole trial and proceedings, the court should refuse to instruct a jury, at the plaintiff's request, that certain of the facts alleged in the petition were not denied by such answer.

In *Rosenbaum v. Russell*, 35 Nebr., 513, it was decided that an answer, although faulty, will be held to be sufficient when assailed for the first time by a motion for a new trial.

In *Herdman v. Marshall*, 17 Nebr., 252, this court, having under consideration a question identical with this one, said: "A reply to an answer denying each and every allegation contained in the answer inconsistent with the statements of plaintiff's petition, is defective and an insuffi-

cient denial of the allegations of the answer, and upon motion to make more specific will be held bad; and unless amended so as to conform to the Code will be treated as no denial. But if upon such denial the parties go to trial, treating it as a sufficient denial, it must be so treated in all stages of the case."

In this case the reply to the answer was treated as sufficient during the trial in the district court, and the objection is made to it for the first time in plaintiffs' brief. The objection comes too late. The pleadings will be treated in this court in the same way they were treated by the parties in the trial court. The plaintiffs are not entitled to a new trial on this ground.

3. It is urged that the court erred in admitting Exhibits A and B in evidence over plaintiff's objections. Exhibit A appears to be a copy of the bill of particulars, or inventory, attached to the petition in the court below at their request. It is not a book account, but is an inventory, taken by the defendant of the stock of goods in his store on the 1st day of January, 1895. After he had testified to the value of the goods in question, he was permitted to introduce this inventory to corroborate his statement and show the particular items of goods which he claimed had been converted. After the introduction of this inventory, defendant testified as to the amount of goods purchased by him and placed in the store after the inventory, Exhibit A, was made out. Exhibit B is an itemized statement of the goods purchased and added to the stock described in Exhibit A. The defendant thus established the amount of goods, kind and value, that he would have had in stock at the time they were alleged to have been converted by the plaintiffs, if no sales had been made. These exhibits were not book accounts, therefore plaintiffs' objection to them on that ground is not tenable. They, rather, come under the head and designation of a memorandum made by the witness himself, and were therefore admissible in evidence after the witness had testified that he made them, and that they were correct at

the time they were made. It was proper for the witness to refresh his recollection from these documents, and after testifying to the facts contained therein, and that they were correct, it was proper to receive them in evidence to corroborate his testimony. It has been held, where a stock of goods is wrongfully seized, and an action is brought to recover for the conversion, as there are thousands of items and no witness could carry all of them in his mind and the value to be attached to them, that in such a case a witness may make a list of all the items and their value, and he may aid his memory, while testifying, by said list. He must be able to state that all of the articles named in the list were seized, and they were of the value stated therein, and he may use the list to enable him to state the items. After the witness has thus testified, the memorandum which he has used may be put in evidence, not to prove anything of itself, but as a detailed statement of the items testified to by the witness. The manner in which the memorandum, in such a case, may be used, is very much in the discretion of the trial judge. Bradner, Evidence [2d ed.], p. 470; *St. Paul Fire & Marine Ins. Co. v. Gotthelf*, 35 Nebr., 351. We hold, therefore, that these exhibits were properly admitted in evidence.

4. It is next contended that the court erred in admitting in evidence Exhibits C, D, E and F. It was made to appear when these exhibits were offered, that in the usual course of defendant's business he kept and used a cash register, with an attachment thereto which contained a roll of paper upon which every sale of goods which occurred was entered; that every time payment was made therefor it was entered on the roll, and the money was turned into the cash register; that in case the sale was on credit the roll above described was the first place where the charge was made against the purchaser. The above-mentioned exhibits were the rolls used in connection with this cash register, from the date when the inventory, Exhibit A, was taken, to the time when the goods were seized and taken from the possession of the defendant

under the chattel mortgage given to the bank. These rolls were introduced for the purpose of showing the amount of sales, both in cash and on credit, and, as stated by the defendant in his evidence, contained an accurate account of all sales of goods made during the time they were so kept, which he knew to be correct; that the entry on these rolls had been made either by himself or his clerk in the usual course of business. These exhibits, composed of said memoranda, were offered to show the amount of goods sold, and the decreased value of the stock by reason of such sales, and were competent evidence to be received for the purpose for which they were introduced, under the rule above announced. And we hold that they were properly received in evidence, and the plaintiffs are not entitled to a new trial on that ground.

5. Many other assignments are discussed under different heads, but all of them bear upon the question of the sufficiency of the evidence to sustain the verdict. An examination of the bill of exceptions discloses that there was some conflict in the evidence but that it is sufficient to sustain the verdict. It was clearly established that there was no sale under the chattel mortgage; that the person who attempted to make the sale, after it was over and the bidder to whom the goods had been struck off had refused to make his bid good, had, without the knowledge or consent of the defendant, assumed to make a bill of sale thereof to the plaintiff Christian F. Zieman. It is established beyond question that Zieman never purchased the goods at the chattel mortgage sale; that for some days he refused to have anything to do with the matter, but at last was persuaded by Butler, the cashier of the bank, and others, to take the bill of sale from the auctioneer and convey the goods to the plaintiff Gross. This he did, and no one contends that the defendant, Scheel, ever gave any direct authority therefor. Some of the witnesses testified that Scheel was present at the bank when Zieman executed the bill of sale to Gross. No one, however, pretends to say that Scheel gave his direct consent thereto or said anything about it. It is contended, however, that he gave

his consent by his mere presence and failure to object. Scheel testifies that he did object, that they asked him to sign a bill of sale and he refused to do so. It can not be contended that the bank, by virtue of the chattel mortgage, had any right to procure the bill of sale to be made from Grimm, the person who conducted the sale, to Zieman. It is evident that Zieman had no authority under the chattel mortgage, or any of the proceedings in relation to its attempted foreclosure, to take possession of the goods. By his bill of sale to Gross he conveyed no title to him, and, so far as it appears, the action of Zieman and Gross amounted to a conversion of the property in question. The defendant gave evidence of the value of the goods, which was not disputed, and his wife testified that she made a demand for the possession thereof from the plaintiff Gross. We are therefore unable to say that the verdict of the jury was not supported by the evidence, or that it was clearly wrong, and for that reason it will not be set aside.

6. Lastly, it is contended that the court erred in sustaining the motions of two of the defendants for a new trial. The evidence shows that neither Ernst Gross nor Otto Lindekugel ever intermeddled with the defendant's stock of goods in any manner. They were present when Zieman gave the bill of sale to Herman Gross, but took no part in the transaction, and had no interest therein. The evidence was not sufficient to sustain a verdict against either of them, and their motion for a new trial was properly sustained. *Hayden v. Woods,* 16 Nebr., 306.

An examination of the instructions discloses that the questions involved in this case were correctly submitted to the jury. The case seems to have been fairly tried, and we recommend that the judgment of the district court be affirmed.

OLDHAM and POUND, CC., concur.

By the Court: For the reasons given in the foregoing opinion the judgment of the district court is

AFFIRMED.