GEORGE H. LEWIS, TRUSTEE, APPELLEE, v. EDWARD F. MOREARTY, APPELLANT.

FILED DECEMBER 20, 1905. No. 14,053.

Objections to the appraisal of property sold at a judicial sale should be filed before the sale, except where fraud in the appraisement is charged

APPEAL from the district court for Douglas county: IRVING F. BAXTER, JUDGE. *Affirmed.*

*Edward F. Morearty,* for appellant.

*H. W. Pennock, contra.*

LETTON, C.

This is an appeal from a confirmation of sale of certain real estate in the city of Omaha, sold under foreclosure proceedings. The property was appraised at $5,000. No objections were filed to the appraisement before the sale. Before confirmation, a motion was filed to set aside the sale on the grounds of irregularity on the part of the appraisers; that the appraisers were incompetent persons to appraise the property, because the appraisement was unreasonable and unjust to defendants, and because said sale was fraudulently brought about and fraudulently made. The only evidence in support of these allegations is the affidavit of one of the defendants to the effect that the appraisers did not view the inside of the house; that the interior of the house is of the finest material and handsomely finished; that the improvements, when made, cost, as affiant is informed, the sum of $5,000; and that one of the appraisers is not, as affiant is informed, a freeholder of Douglas county. This affidavit was not contradicted.

It will be observed that there are only two allegations of fact in the affidavit: First, that the appraisers did not view the inside of the house; second, that the interior of the house is of the finest material and handsomely finished. The other allegations are merely testified to on information. This evidence is not sufficient to overcome the positive allegations of the sheriff's return that the appraisers are freeholders, and that they did, upon actual view, appraise the property at its real money value. While the motion which was filed by the defendant was a motion to set aside the sale of the property, it constitutes in fact objections to the appraisement. We have repeatedly held that objections to an appraisement, except for fraud, must be made prior to a sale. *Burkett v. Clark,* 46 Neb. 466; *Overall v. McShane,* 49 Neb. 64; *McMurtry v. Columbia Nat. Bank,* 53 Neb. 22; *Best v. Zutavern,* 53 Neb. 619; *Jarrett v. Hoover,* 54 Neb. 65; *Mills v. Hamer,*

55 Neb. 445; *Smith Brothers L. & T. Co. v. Weiss*, 56 Neb.
210; *Scottish-American Mortgage Co. v. Nye*, 58 Neb. 661.
There is no proof as to any fraud upon the part of the appraisers.

The judgment of the district court was correct and
should be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing
opinion, the judgment of the district court is

· AFFIRMED.