BANK OF SALEM, APPELLEE, v. LYMAN B. CORNELL, APPELLANT.

FILED JANUARY 29, 1915. No. 17,837.

Mortgages: FORECLOSURE: APPRAISEMENT. "It is too late, after a sale of real estate under a decree of foreclosure, to question the correctness of the appraisement except for fraud." *Security Investment Co. v. Sizer,* 58 Neb. 669.

APPEAL from the district court for Richardson county: LEANDER M. PEMBERTON, JUDGE. *Affirmed.*

*Burkett, Wilson & Brown* and *E. Falloon,* for appellant.

*C. F. Reavis, T. L. Hall* and *Rinaker & Kidd, contra.*

BARNES, J.

Appeal from an order of the district court for Richardson county confirming a sale of real estate to satisfy a

decree of foreclosure. It appears that on the 24th day of February, 1911, a decree was rendered against Lyman B. Cornell in favor of the Bank of Salem for the foreclosure of its mortgage on two quarters of land situated in said county, and in favor of certain other mortgagees and lienholders, who were all made parties to the action. The decree found the several different sums due from the defendant Cornell, which were liens upon the land, amounting in all to $24,671.55. An order of sale, which contained a copy of the decree, was issued on the 2d day of February, 1912. The sale took place on the 23d day of March of that year at 10 o'clock A. M. One quarter of the land was purchased by C. M. Heinzleman and the other by one W. P. Gobel. It further appears that the two quarter sections of land were appraised separately. The quarter section about which there is no controversy was valued at the gross sum of $12,800, and the other was appraised at the gross sum of $12,000, the total gross appraised value of the land being $24,800. The appraisers deducted from the gross value of the quarter section in question the sum of $253.43, which was the amount of the unpaid taxes thereon, thus leaving the appraised value at the sum of $11,746.57, and the sheriff stated as his conclusion at the end of his appraisement that the interest of the defendant in that quarter section was nothing. After the sale was made, the defendant filed an objection to the appraisement, alleging that the land was erroneously appraised because the several mortgages and liens merged in the decree were all included in the certificate of liens and were deducted by the appraisers from the value of the interest of Cornell in the mortgaged property. When the case came on for confirmation, the defendant filed a motion, based upon his objection above mentioned, to set aside the sale. The motion was overruled and the sale was confirmed. The defendant now contends that the court erred in overruling his objections and confirming the sale.

It is quite apparent that the sheriff in making the appraisement thought that, when the several liens established by the decree were satisfied, the defendant would have no

interest in the premises, and so stated at the conclusion of the appraisement. In such case an objection to the appraisement, in order to be available, should have been filed before the sale took place. *Bernheimer v. Hamer,* 59 Neb. 733; *Northwestern Mutual Life Ins. Co. v. Marshall,* 1 Neb. (Unof.) 36; *Mills v. Hamer,* 55 Neb. 445; *Security Investment Co. v. Sizer,* 58 Neb. 669. In the case last cited it was said: "It is too late, after a sale of real estate under a decree of foreclosure, to question the correctness of the appraisement except for fraud." In the case at bar there is no allegation, and no showing, of fraud. There is nothing in the record showing, or tending to show, that the land in question brought any less at the sale by reason of the irregularity in the appraisement complained of than it would have brought under other circumstances. It is conceded that the defendant's land was sold for much more than two-thirds of the gross amount of the appraisements.

As we view the record, the defendant's objections to the confirmation were without substantial merit, and the judgment of the district court is

AFFIRMED.

MORRISSEY, C. J., LETTON and FAWCETT, JJ., not sitting.

HAMER, J., concurring.

One of the quarters of land sold was not properly appraised. The interest of the mortgage debtor was appraised at nothing. The opinion takes the view that it is too late, after a sale of real estate under a decree of foreclosure, to question the correctness of the appraisement except for fraud, citing *Security Investment Co. v. Sizer,* 58 Neb. 669, and in the body of the opinion citing, also, three other cases. Whether the interest of the mortgage debtor is appraised too low ought to be the only question which can be properly raised. An appraisement which tends to drive prospective bidders away, by reason of the fact that no value is alleged, must be prejudicial to the debtor. A review of the cases in which the doctrine is announced, that objection to the appraisement must be

taken before the sale is made, shows that the doctrine in this state started with the case of *Vought v. Foxworthy,* 38 Neb. 790. The opinion in that case starts out with the statement: "It remains to be said that the value of the property, as shown by the affidavits filed in support of the motion to set the sale aside, does not so greatly exceed its appraised value as to raise a presumption of fraud." The view of the writer is that the "presumption of fraud" is an unnecessary thing to find before the sale can be set aside. If the appraisement is accidentally too low, or is for any other reason too low, then it ought to be set aside, so that prospective bidders will not be driven away. There should be no "chilled bids." In that case it is further said: "Parties desiring to make objections to the value fixed on property appraised for sale under execution, whether on the ground that such valuation is too high or too low, should make and file such objections in the court where the case is pending, together with a motion to set aside such appraisement before the sale occurs." · It is then further said that the party seeking the sale of the appraised property would have notice, and that he could proceed to the sale of the property or take his chances of the appraisement being finally set aside, "or could stay the sale until such time as the court should decide the question as to the correctness of the appraisal made." Of course, if the mortgage debtor made an application for a "stay," he would at once waive his right of review, and that would be the end of the proceeding. The trouble with the doctrine is that the interest of the mortgage debtor gets but little consideration in this opinion. No case in this court is cited in the opinion in *Vought v. Foxworthy.* It rests upon the mere dictum of the learned commissioner, who gives no reason for his conclusion. The other cases find their support in the case of *Vought v. Foxworthy.*

The next case after *Vought v. Foxworthy, supra* (it is not cited in the majority opinion), is *Scottish-American Mortgage Co. v. Bigsby,* 52 Neb. 104. It gives no reason that "the objection that the appraisement was too low

came too late after the sale," except *Vought v. Foxworthy,* *supra.* The opinion in that case was prepared by Commissioner Ryan. Ragan goes ahead and Ryan follows him.

In *Bernheimer v. Hamer,* 59 Neb. 733 (cited in the opinion), the case of *Ecklund v. Willis,* 44 Neb. 129, is referred to as authority for that decision. On going to that case it is found that it cites *Vought v. Foxworthy, supra.* It will therefore be seen that it rests upon the original dictum of Commissioner Ragan.

In *Mills v. Hamer,* 55 Neb. 445, the same point is made, and *Vought v. Foxworthy, supra,* and *Ecklund v. Willis, supra,* are cited therein, together with *Burkett v. Clark,* 46 Neb. 466, *Kearney Land & Investment Co. v. Aspinwall,* 45 Neb. 601, and *Overall v. McShane,* 49 Neb. 64.

In *Burkett v. Clark, supra,* the original case of *Vought v. Foxworthy, supra,* is cited, and the same case is cited in *Overall v. McShane, supra.* The two former of the three cases last cited were prepared by Commissioner Ragan.

In *Northwestern Mutual Life Ins. Co. v. Marshall,* 1 Neb. (Unof.) 36, the case of *Mills v. Hamer, supra,* is cited as the basis of the opinion, and as that case rests on the case of *Vought v. Foxworthy, supra,* we go back to the original source, *Vought v. Foxworthy, supra.*

In *Security Investment Co. v. Sixer,* 58 Neb. 669, the case of *Vought v. Foxworthy, supra,* is again relied upon, together with the cases which follow it, *Burkett v. Clark, supra,* and *Kearney Land & Investment Co. v. Aspinwall, supra.*

It will thus be seen that the whole doctrine that it is too late, after a sale of real estate under a decree of foreclosure, to question the correctness of the appraisement except for fraud, rests upon the dictum of one supreme court commissioner followed by the dictum of another supreme court commissioner, and after that "the sheep all went over the fence." I think that *Vought v. Foxworthy, supra,* should be overruled, but I can understand that this court may well hesitate, whatever the origin of the case, about changing a rule that has been in force 21 years. I reluctantly concur in the majority opinion in the instant

case, although, as I understand it, the rule applied started without a reason being given for its existence, and it cannot help being prejudicial to the mortgage debtor. So long as the rule stands, I am unable to see my way clearly to do otherwise than concur.