EARL MAY, PLAINTIFF IN ERROR, v. STATE OF NEBRASKA, DEFENDANT IN ERROR.

54 N. W. 2d 62

Filed June 6, 1952.   No. 33152.

*J. E. Willits,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *Homer L. Kyle,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

The plaintiff in error will hereinafter be referred to as the defendant. By information it was charged that on January 16, 1950, he, with intent to convert the same to his own use, unlawfully stole and took away the sum of $171 from the Home Oil Company in Hastings, Nebraska, which money was the property of said company. He entered a plea of not guilty. Trial was had to a jury resulting in a verdict of guilty and a finding that the amount of the money stolen was $116. A motion for new trial was filed and overruled. Defendant was sen-

tenced to a term in the penitentiary. He brings the cause here by petition in error. We affirm the judgment of the trial court.

In brief summary, the State produced evidence showing that the Home Oil Company operated a gasoline sales and service station in Hastings, Nebraska. It used a cash register for the purpose of handling its cash sales. At 4 p. m. on January 16, 1950, all money except $250 was taken from the cash register. The money left in the cash register consisted of about $50 or $60 in silver and the balance in currency in $1 and $5 denominations in three "packs" held together by paper clips. Additional cash sales were registered and the receipts placed in the money compartment thereafter. The cash register totaled these sales as made and also recorded them on a tape. In the regular course of business, charge sales were not entered on the register.

The business operated in a building consisting of four rooms, the cash register being in one of them and the bookkeeping work being done in another.

About 6:20 p. m., the defendant and two others entered the building and asked permission to use the telephone to call for and did call a cab. The manager was alone in the station. One of the men engaged the manager in conversation in the bookkeeping room, while defendant and the other man were in the room where the cash register was located. They left in about 15 minutes, going eventually to a cafe in another part of the city.

Within minutes after their departure the manager noted that a "charge" sale had been rung up on the cash register. Upon examination it was found that all currency had been removed from the register and was missing. By calculation it was determined that the cash was short $171.10.

The three men were arrested that evening shortly after 8 o'clock. When arrested one of the men had twenty-four $1 bills folded and "with a paper clip" in

his shirt pocket and seven $5 bills in his billfold. Another of the men had fifteen $1 bills in his socks. The defendant had twenty-seven $1 bills and six $5 bills in his billfold.

We determine the appeal under the rule that "* * * consideration of the cause will be limited to errors assigned and discussed." Rule 8 a 2 (4).

The first assignment is that the court erred in overruling challenge for cause made to a prospective juror. On voir dire examination she was asked if she would follow an instruction as to the burden of proof beyond a reasonable doubt. She answered, "I would have to hear the case and hear him testify." Later she said, "I would like to" hear him testify, and, still later, she "would have to hear him testify." The defendant challenged for cause. The court then stated, "* * * the defendant is presumed innocent * * * the defendant does not need to take the witness stand. I do not think the juror understood the question." The defendant stood on his challenge. The court then advised the juror that "The defendant is not required to testify," and asked "If the Court would instruct you that you would have to find beyond a reasonable doubt the defendant was guilty even though the defendant did not testify, would you follow that instruction?" The answer was, "Yes, sir." The objection for cause was overruled. Substantially this same situation arose in Keeler v. State, 73 Neb. 441, 103 N. W. 64, wherein we held: "If the voir dire examination of a juror considered as a whole does not show incompetency, a challenge upon that ground is properly overruled, although during his examination statements are made which, if unexplained, might be ground for challenge." The assignment is without merit.

Defendant's next assignment goes to the admission of evidence over objection.

It appears from the evidence that the cash register had an open window on which appeared the nature and the amount of each sale. It also had a "totalizer" which

registered all the cash sales that had been rung up, and a tape recording of those entries was made by the operation of the register.

A State's witness testified as to the "charge sale" rung up on the register "on this window" and as to checking the total of the cash sales shown on the register plus the change left in the register at 4 p. m., and subtracting from it the amount of money in the register to determine the shortage. To this evidence the defendant objected and here urges that the tape recording was the best evidence. The witness was testifying here to things which he saw and things which he did. He was not testifying that he examined the tape at that time or knew what, if anything, it showed, nor was he testifying with reference to it. We do not find error in this assignment. See Gross v. Scheel, 67 Neb. 223, 93 N. W. 418.

The next assignment is that the court erred in failing to instruct the jury to return a verdict of not quilty. Defendant merely asserts that the evidence is insufficient to support a finding of guilt beyond a reasonable doubt. The credibility of witnesses and the weight of their testimony are for the jury to determine. Smith v. State, 153 Neb. 308, 44 N. W. 2d 497. The assignment is not sustained.

Defendant does not assign error as to the accuracy or sufficiency of any instructions given. He assigns error as to the refusal to give certain instructions.

The rule is: "It is not error to refuse requested instructions when the substance of them is given by the court in its instructions to the jury." Smith v. State, *supra*.

Under this rule the assignment of error as to the refusal to give requested instruction No. 3 is without merit as the substance of the requested instruction is found in instructions Nos. 1, 2, and 11 given by the court. The substance of requested instruction No. 6 is included in instruction No. 5 given by the court. The same is true as to requested instructions Nos. 12 and 13, which are covered by instruction No. 7 given by the court.

Requested instruction No. 11 is a somewhat long discussion of the duties of each juror and concludes with the proposition that the court was giving the jury two forms of verdict—one finding not guilty, one finding guilty, "and a report that an agreement is impossible." The trial court refused to give the instruction. Defendant claims error. The contention here is that the jurors should have been instructed that they had a right to disagree. "* * * it is hardly necessary to instruct an American jury touching their right to disagree, for this is universally understood." State v. Rogers, 56 Kan. 362, 43 P. 256. "* * * as everybody knows, the jury may either convict or acquit or disagree * * *." State v. Wimer, 97 Kan. 353, 155 P. 7. See, also, Wilder v. People, 86 Colo. 35, 278 P. 594, 65 A. L. R. 1260. The assignment is without merit.

The defendant testified as a witness in his own behalf. On direct examination he was asked where he was living at the time and he answered, "County jail." On cross-examination he was asked where he had lived prior to that time, and he answered, "The State Penitentiary * * *." Later he was asked, "* * * have you ever been convicted of a felony?" He answered, "I have or I wouldn't have been in the State Penitentiary." Defendant requested an instruction that "The Jury are instructed that a former conviction of another offense cannot be considered by you as any evidence of the charge contained in the Information filed herein." The trial court refused the instruction. The defendant assigns the refusal to give this instruction as error.

Section 25-1214, R. R. S. 1943, provides: "A witness may be interrogated as to his previous conviction for a felony, but no other proof of such conviction is competent except the record thereof."

It is not contended here that the evidence was not competent. A fault of the requested instruction is that it is misleading. In People v. Jacobs, 73 Cal. App. 334, 238 P. 770, the defendant admitted a plea of guilty to

a felony. He requested an instruction that " '* * * in your deliberations on the guilt or innocence of the charges for which he is now on trial, you are to totally disregard such testimony and to confine yourself to just such evidence as has been introduced * .* * relative to the crime alleged in the information * * *.' " The court in holding the instruction properly refused said: "It was sought by the proposed instruction to have the court tell the jury that its members were not to consider appellant's plea of guilty to the felony charge in deliberating upon the issue of his guilt or innocence. It is practically certain that this language would have been understood by the jury to mean that the plea of guilty was not to be considered for any purpose. In this respect, then, it was misleading."

The applicable rule is: "It is not error to refuse an instruction which has the effect to withdraw from the consideration of the jury competent material evidence in the case." Chezem v. State, 56 Neb. 496, 76 N. W. 1056.

During the period of its deliberations the jury sent a written communication by the bailiff to the court containing a series of questions, some of which were apparently directed to the State and some to the defendant. The court received the communication, the county attorney, the defendant, and his counsel being present. The court answered in writing that it had no further communications to give and to "Please study the Instructions * * *." The defendant requested that the court add, "The Exhibits and the evidence and the testimony introduced in the trial." The court refused to add the requested words. Defendant assigns the refusal as error. He does not advance any basis for the assignment, save that above recited. The assignment is not argued. Obviously the instructions required that the jury consider the evidence. We see no merit in the assignment.

The judgment of the trial court is affirmed.

AFFIRMED.